## DANIEL PUTNAM *vs.* CHARLES D. BOND.

Whether to dismiss. on the defendant's motion, made after answering to the merits, a local
action brought in a wrong venue, is discretionary in the superior court.

TORT for breaking the plaintiff's close in Shirley in the county
of Middlesex ; brought in the superior court for this county.
Writ dated May 22, 1866. After an affidavit of merits and an
answer had been filed, a trial and verdict for the plaintiff had,
and the verdict set aside on exceptions and a new trial ordered,
the defendant moved, at June term 1869 of the superior court,
to dismiss the suit for want of jurisdiction of the subject matter,
and *Brigham,* C. J., granted the motion, " not as a matter of
discretion, but as a matter of right." The plaintiff appealed.

*G. A. Torrey,* for the plaintiff.

*H. B. Staples & F. P. Goulding,* for the defendant.

AMES, J. At common law, the action of trespass *quare clau-
sum fregit* was local in its character, and could only be prose-
cuted in the county in which the close was situated. This rule
has been so far modified by legislation, that this kind of ac-
tion may be commenced by a trustee process returnable in the
county where the trustee resides, or it may be brought before a
justice of the peace in the county in which the trespasser resides
or is found, although the close itself may be in another county.
The case at bar, however, comes under the general rule. Gen.
Sts. *c.* 120, § 1; *c.* 142, §§ 1–4. *Way* v. *Dame,* 11 Allen, 357.

The motion to dismiss this action was granted in the court
below on the ground that it was not a matter of discretion, but
a matter of right, and that, as the objection relied upon went to
the jurisdiction, the delay in filing it was not a waiver of the
objection. It is however provided, that, " when it appears on a
trial that a local action has been brought in an erroneous venue,
the court may of its own motion order a nonsuit to be entered,
unless good cause shall be shown why the trial should be al-
lowed to proceed." Gen. Sts. *c.* 129, § 70. It is also provided
that, ' when judgment is entered in a local action brought in an

erroneous venue," the court shall so direct its writ of possession or other needful writ of execution as to carry the judgment into effect. Gen. Sts. *c.* 133, § 14. These two sections are a reënactment of the 79th and 80th sections of the St. of 1852, *c.* 312. They constituted the 116th and 117th sections of the St. of 1851, *c.* 233, the general character of which is sufficiently indicated by its title, namely, "An act to amend some of the proceedings, practice and rules of evidence of the courts of this Commonwealth." The subject matter had been referred to a board of commissioners, upon whose report the legislature adopted and sanctioned very extensive and radical modifications of the laws of practice and procedure previously in force. The two sections in question were suggested and recommended by those commissioners to the legislature, and were adopted exactly in the form suggested. They accompany their report in relation to them with the following note: " If the parties to a local action appear and proceed to trial, or suffer a default, in a county different from that designated by law, it does not seem to be necessary or proper to arrest or reverse the judgment. At the same time, it is thought inexpedient to leave this matter of venue wholly to the election of the parties, and therefore by the next section it is placed in some degree under the direction of the court." The section, in the first act, provided that the court in such a case might order both nonsuit and default; but in the St. of 1852 the section assumed its present shape. St. of 1851, *c.* 233, § 117, and Gen. Sts. *c.* 129, § 70.

The language of these two sections, especially when taken in connection with the report of the commissioners who first proposed them as a part of our system of practice, and as an amendment of previous rules, seems to leave it entirely to the discretion of the court, whether a local action brought in a county different from that designated by law shall be dismissed or shall proceed to trial. The language is manifestly permissive, and not imperative. To say that the court may order a nonsuit under such circumstances, unless good cause be shown to the contrary, is to leave the whole matter at the discretion cf the court. The motion in this instance was granted in the court

below, entirely upon the assumption that it was a matter in which the court had no discretionary power whatever, and that, as the action was brought in the wrong county, the defendant had an absolute right, on motion at any stage of the case, to have it dismissed. We must assume, therefore, that the motion was not considered upon its merits, and that the court has not passed upon the question whether, after the parties have appeared and proceeded to trial, and have suffered years to pass without raising the question of jurisdiction, it is at this late day " necessary or proper" to dismiss the action; or whether, in view of all the circumstances, good cause is not shown for allowing the trial to proceed.

The motion to dismiss is therefore overruled, and the case is to stand for trial, unless the superior court in the exercise of a sound discretion shall see fit, on motion, to order a nonsuit to be entered; and, upon such a motion, it is manifest that the effect of the long delay, and the question of waiver, would be matters eminently proper to be considered.

*Ordered accordingly.*