EMMA A. OSGOOD *vs.* CITY OF LYNN.

Middlesex. January 11. — February 9, 1881. COLT, J., absent.

Even if an action against a town for an injury caused by a defect in a highway, which is required by the St. of 1877, *c.* 234, § 5, to be brought in the county wherein the town is situated, is a local action, it is discretionary with the court, under the Gen. Sts. *c.* 129, § 70, and *c.* 133, § 14, to refuse to dismiss it when brought in the wrong county.

TORT, under the St. of 1877, *c.* 234, for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant city. Writ dated September 27, 1878, and returnable at December term 1878 of the Superior Court for the county of Middlesex. Answer, a general denial. The case was tried at March term 1879, when the jury returned a verdict for the plaintiff. This verdict was set aside, and a new trial had at June term 1879, when the jury again returned a verdict for the plaintiff. This verdict was also set aside, and a new trial had at March term 1880.

On May 11, 1880, and before the trial at this term, the defendant filed the following plea to the jurisdiction: " And now comes the defendant city, by George P. Sanderson, its mayor, in his proper person, and says that all actions for the recovery of damages sustained by bodily injury received through a defect or want of repair in or upon a highway which any town or place in the county of Essex in said Commonwealth was obliged to repair, were at the time of suing out the writ in the above-named action, and still are, pleaded and pleadable within said county of Essex before the Superior Court in and for said county of Essex, and not here in said county of Middlesex before this court in and for said county of Middlesex. And this the defendant is ready to verify. Wherefore since the above-named action is brought for the recovery of damages alleged to be sustained by bodily injury through an alleged defect or want of repair in or upon a highway which said city of Lynn was obliged to repair, said city of Lynn being a place situated in said county of Essex, the defendant prays judgment if this court in and for said county of Middlesex will or ought to have further cognizance of the action aforesaid."

*Pitman*, J. overruled this plea; the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. P. Proctor & D. O. Allen*, for the defendant.

*R. Lund*, (*D. F. Crane* with him,) for the plaintiff.

SOULE, J. It is unnecessary to decide the question whether an action brought under the St. of 1877, *c.* 234,* is a local action or not, because we are of opinion that, even if the language of the statute makes the action a local one, the exceptions cannot be sustained.

It is provided by the Gen. Sts. *c.* 129, § 70, that, "when it appears on a trial that a local action has been brought in an erroneous venue, the court may of its own motion order a non-suit to be entered, unless good cause shall be shown why the trial should be allowed to proceed." It is also provided by the Gen. Sts. *c.* 133, § 14, that "when judgment is rendered in a local action brought in an erroneous venue, the court shall cause its writ of possession or other needful writ of execution to be directed to the sheriff of the proper county, so that the judgment may be duly executed."

It has been held that the language of these two sections leaves it entirely to the discretion of the court whether a local action brought in another county than that designated by law shall be dismissed, or shall proceed to trial; and the granting of a motion to dismiss such an action brought in an erroneous venue, not as a matter of discretion but a matter of right, was error; and the court added, that, "upon such a motion, it is manifest that the effect of the long delay, and the question of waiver, would be matters eminently proper to be considered." *Putnam* v. *Bond*, 102 Mass. 370. That case governs the case at bar. The history of the change in the law which the two sections of the statute referred to have wrought, and the reasons which led to the enactment of them in the year 1851, are fully stated in the opinion of the court by Mr. Justice Ames.

The result is, that, as the defendant appeared and answered, without pleading to the jurisdiction, and the cause was twice

---

* Section 5 of this act provides, with certain exceptions not material to this case, that an action against a town or place for an injury caused by a defect in a highway "shall be brought in the county wherein the said town or place is situated."

tried before the plea under consideration was filed, it was within the discretion of the court to dismiss the action, or retain it and let it proceed to final judgment, even if the action was brought in an erroneous venue. This being so, no exception lies to the decision of the Superior Court by which the defendant's plea was overruled. *Exceptions overruled.*