## MATILDA MORRIS vs. ISAAC FARRINGTON.

Worcester. Oct. 5.— 23, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

Even if an action, under the Gen. Sts. c. 85, § 1, to recover treble the amount of money lost by gaming, is a local action, it is discretionary with the court, under the Gen. Sts. c. 129, § 70. and c. 133, § 14, to refuse to dismiss it when brought in the wrong county, if the defendant has appeared and answered to the merits.

If a loser of money by gaming does not bring an action therefor within three months, under the Gen. Sts. c. 85, § 1, it will not defeat an action brought by another person, that the loser is to receive some benefit from the action, under an agreement between him and the plaintiff made after the right of action had accrued to the plaintiff, there being no covin or collusion between them by which suit was delayed by the loser.

In an action, under the Gen. Sts. c. 85, § 1, to recover treble the amount of money lost by gaming, the defendant was asked on cross-examination whether there had been any change in the occupancy of his premises in which the alleged loss occurred, and answered that there had not. Held, on a bill of exceptions which stated merely this question and answer, and not the connection in which the question was put, that the defendant showed no ground of exception to the admissibility of the question and answer.

TORT, under the Gen. Sts. c. 85, §§ 1, 2, to recover of the defendant, as the owner of a certain building on Hanover Street in Boston, in the county of Suffolk, treble the amount of a sum of money alleged to have been lost and paid by one John Morris to the winners thereof, by playing at cards in said building, with the knowledge or consent of the defendant, on May 21, 1881. The writ, dated October 14, 1881, was returnable to the Superior Court for the county of Worcester. The answer contained a general denial, and alleged that the action was not brought in accordance with the statute.

At the trial, before *Mason*, J., after the plaintiff had read the pleadings, and before any further proceedings in the case, the defendant moved that the action be dismissed, for the reason that the court had no jurisdiction of the subject matter, and that the action was not in accordance with the Gen. Sts. c. 123, § 8. The judge overruled this motion.

The defendant asked the judge to rule that, if there was any covin or collusion, at any time previously to the date of the writ, between the plaintiff and the alleged loser of the money, or any agreement between the plaintiff and any person by which the alleged loser was to receive any benefit from an action brought

against this defendant, the jury must render a verdict for the defendant. The judge refused so to rule; but instructed the jury that they must be satisfied that there was no fraudulent agreement, between the plaintiff and the person who lost the money sought to be recovered, that he should delay bringing an action, and that the delay, of the person who lost the money sought to be recovered, to bring an action within three months was without covin or collusion between himself and the plaintiff.

During the trial, the plaintiff, on cross-examination, asked the defendant if there had been any change in the occupancy of the premises or business, referring to the room where the alleged gaming took place. The defendant objected to this question. But the judge permitted it to be answered, and the witness answered that no change had occurred.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*E. A. Alger & W. E. Boynton,* for the defendant.

*D. F. Crane,* for the plaintiff.

MORTON, C. J.  1. The defendant contends that this is a civil action for the recovery of a forfeiture, which by the statute could be brought only in the county of Suffolk; that it is therefore a local action, and the Superior Court sitting for the county of Worcester had no jurisdiction. Gen. Sts. c. 123, § 8. Pub. Sts. c. 161, § 11.

But, if we can regard this as a local action, the Superior Court was not required, as matter of law, to allow the defendant's motion to dismiss. The statutes provide that, " when it appears on a trial that a local action has been brought in an erroneous venue, the court may of its own motion order a nonsuit to be entered, unless good cause shall be shown why the trial should be allowed to proceed." Gen. Sts. c. 129, § 70. Pub. Sts. c. 167, § 73. It is also provided that, when judgment is rendered in a local action brought in an erroneous venue, the court shall issue its execution directed to the sheriff of the proper county, so that the judgment may be duly executed. Gen. Sts. c. 133, § 14. Pub. Sts. c. 171, § 14. It has been held that, under these provisions, it is within the discretion of the court, whether a local action brought in an erroneous venue, in which the defendant has appeared and answered to the merits, shall be dismissed,

or proceed to trial. *Putnam* v. *Bond,* 102 Mass. 370. *Osgood* v. *Lynn,* 130 Mass. 335. These cases are decisive of the case at bar, and the defendant's exception to the refusal of the Superior Court to dismiss the action cannot be sustained.

2. The statute provides that, "if the loser does not within three months after such loss, without covin or collusion, prosecute with effect for such money or goods, any other person may sue for and recover treble the value thereof in an action of tort." Gen. Sts. *c.* 85, § 1. Pub. Sts. *c.* 99, § 1.

We think the construction of this provision adopted by the Superior Court was correct, and that, to defeat the plaintiff's right of action, there must be shown some covin or collusion between herself and the loser, by which the loser was induced to delay bringing an action within three months after the loss.

If the loser did not bring his action within three months after the loss, there being no covin or collusion between himself and the plaintiff to affect his action or inaction, a right of action vested in the plaintiff to recover three times the amount of the loss; and the statute does not provide that this right shall be defeated by any agreement between the plaintiff and the loser, by which the latter is to receive some benefit from the suit made after the cause of action had vested in the plaintiff. The court therefore rightly refused to give the instructions requested by the defendant.

3. The question put to the defendant in his cross-examination, as to whether there had been any change in the occupancy of his premises in which the loss by gambling occurred, is not shown to have been inadmissible. The aspect of the case at the time it was put may have been such as to make it admissible, upon the issue of his knowledge that the premises were used for purposes of gambling, or to test his credit and truthfulness. The bill of exceptions shows nothing as to the connection in which it was put, and fails to show that there was error in admitting it. *Exceptions overruled.*