WILLIE I. COLE vs. D. R. APPLEBURY & another.

Suffolk. Jan. 8. — Feb. 29, 1884. C. ALLEN & HOLMES, JJ., absent.

The "covin or collusion" which bars an action, under the Gen. Sts. c. 85, § 1, to recover treble the amount of money lost by gaming, by a third person, after three months from the time of the loss, is covin or collusion between the loser and the winner of the money, and not between the loser and such third person.

At the trial of an action, under the Gen. Sts. c. 85, § 1, to recover treble the amount of money lost by gaming by C., the plaintiff's counsel was allowed to ask both C. and the plaintiff, who was C.'s brother, whether either had any information or knowledge, before the action was commenced, that the right of action under the statute, accruing to the loser of money to recover the same, was limited to a period of three months. The same question was allowed to be asked the father of both C. and the plaintiff, who had been a member of the State police, and, in that capacity, had acquired some knowledge of the statutes. *Held*, that the defendant had no ground of exception.

At the trial of an action, under the Gen. Sts. c. 85, § 1, to recover treble the amount of money lost by gaming by C., the defendant contended that the action was not prosecuted by the plaintiff in good faith, and that C. was the real prosecutor of the action in the plaintiff's name; and, on cross-examination of the plaintiff, who testified that he had paid the counsel of record to bring the action, the defendant asked him how much he had so paid. Upon the plaintiff's objection, the question was excluded. *Held*, that the defendant had no ground of exception.

TORT, under the Gen. Sts. c. 85, §§ 1, 2, in several counts, to recover treble the amount of a sum of money alleged to have been lost by one Henry G. Cole, a brother of the plaintiff, by playing at cards in a certain building in Boston, of which the defendants were alleged to be owners and occupants, and were also alleged to be the winners of said money, on various days between November 22, 1880, and May 18, 1881. Writ dated September 19, 1881. Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff's counsel was allowed, against the objection of the defendants, to ask said Henry G. and the plaintiff whether either had any information or knowledge, before this action was commenced, that the right of action under the statute, accruing to the loser of money to recover the same, was limited to a period of three months. This was allowed, upon the statement of the counsel for the defendants, that he contended that any understanding or "collusion" between the said Coles, by which Henry G. was to neglect to bring his own action within the three months in order that the plaintiff might afterwards bring

an action for three times the amount of Henry G.'s losses, would defeat the right of the plaintiff to recover; and that the defendants would attempt to show such "collusion."

The father of the plaintiff testified as a witness; and it appearing, on cross-examination, that he had been a member of the state police, and had acquired some knowledge in that capacity of the statutes of this Commonwealth, the same question was allowed to be put to him by the plaintiff's counsel, against the defendants' objection. This question was allowed for the same reason as the foregoing question, and because the counsel for the defendants proposed to argue to the jury, that the father, having been on the state police force, probably did know of the three months' limitation, and that, if he knew, his sons probably knew from him the same fact.

The defendants contended that the action was not prosecuted by the plaintiff in good faith, and that said Henry G. was the real prosecutor of the action in the name of his brother, who was only a nominal plaintiff; and on cross-examination of the plaintiff, who testified that he had paid the counsel of record to bring the action, the defendants asked the witness how much he had so paid. Upon objection by the plaintiff, the question was excluded.

The defendants asked the judge to instruct the jury as follows: "In order to maintain this action, it must be prosecuted by this plaintiff without covin or collusion with the party who lost the money. Covin is defined to be a secret contrivance between two or more persons to defraud and prejudice another of his rights. Collusion is defined to be an agreement between two or more persons to defraud a person of his rights by the forms of law, or to obtain an object forbidden by law. If this action were prosecuted by the brother, who alleges a loss of money, it would fail, because he is forbidden by law to bring an action after three months from the date of such loss. If, therefore, it is prosecuted for his benefit, or if there is any secret understanding that he is to have a beneficial interest, then this action cannot be maintained, and the verdict should be for the defendants."

The judge declined so to rule; and instructed the jury, among other things, as follows: "No action could have been maintained

by said Henry G. Cole to recover these alleged losses, unless commenced within three months after their respective dates, and no action could have been maintained · by him to recover three times the amount of his alleged loss, whenever commenced. If, therefore, you shall find, upon the evidence, that this suit, although in the name of Willie I. Cole, is really and truly not his suit, but is the suit of Henry G. Cole, and was brought for him and by him, in the name of the plaintiff, the defendants · are entitled to a verdict. But having been brought in the name of Willie I. Cole, the presumption is that he, Willie I. Cole, is the real plaintiff, and it is for the defendants to satisfy you by the evidence that he is not the real plaintiff, and that the real plaintiff is Henry G. Cole, to enable the defendants to prevail on this ground. It is not necessary for the plaintiff to show any reason or excuse for the delay or for the failure of Henry G. Cole to bring an action within three months after his losses. If Henry G. Cole had brought an action within the three months, and that action was only a colorable or collusive action which he had brought covining with the defendants, then that action would not be a defence to a suit brought by a third person after the three months, and that is, in my opinion, all that the words of the statute mean. You are not to inquire, and there is no issue before you with reference to, why Henry G. Cole did not bring his action within three months. The burden of proof is upon the plaintiff to satisfy you by a fair preponderance of the evidence upon all the issues, except the issue as to whose suit it is."

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*A. Russ,* (*D. A. Dorr* with him,) for the defendants.

*H. E. Swasey & G. R. Swasey,* for the plaintiff.

FIELD, J. It is important to determine whether the words " covin or collusion," in the Gen. Sts. *c.* 85, § 1, mean covin or collusion between the loser and the winner, or between the loser and the other person, who, after three months, may bring suit for three times the value of the property lost.

It was ordered by the General Court of the Colony of Massachusetts Bay, in 1646, that " if any person shall, at any time, play or game for any money or money's worth, every such

person shall forfeit treble the value of that so played or gamed for to the common treasury, half to the party informing thereof." 2 Mass. Rec. *157. 3 Mass. Rec. *103. Anc. Chart. 118. And in 1670 it was also ordered that " if any person that hath played or gamed, and shall give information thereof, he shall be freed from the penalty of the law to pay treble damage, but shall have no further benefit of the law by his information," etc. 4 Mass. Rec. *652. Anc. Chart. 119.

The Prov. St. of 1736–7 (10 Geo. II.) *c.* 17, 2 Prov. Laws (State ed.) 836, is, however, the first statute which contains provisions similar to those we are considering. This act was limited to the space of five years from the publication thereof (February 6, 1737), but it was substantially reënacted by the Prov. St. of 1742–3 (16 Geo. II.) *c.* 27, 3 Prov. Laws (State ed.) 45, and this act, although limited to seven years, was continued in force from time to time until November 1, 1787. Prov. St. 1749–50 (23 Geo. II.) *c.* 16, 3 Prov. Laws (State ed.) 488. Prov. St. 1759–60 (33 Geo. II.) *c.* 34, 4 Prov. Laws (State ed.) 325. St. 1770, *c.* 5, Mass. Temp. Laws, 422. St. 1773, *c.* 11, Mass. Temp. Laws, 498. St. 1778, *c.* 5. St. 1783, *c.* 7.

The Prov. St. of 1736–7, *c.* 17, was plainly taken from the English statute of 9 Anne, *c.* 14. By § 2 of that act, the loser of ten pounds or more " shall be at liberty, within three months then next, to sue for and recover the money or goods so lost," from the winner, by an action of debt; "and in case the person or persons who shall lose such money or other thing as aforesaid, shall not within the time aforesaid, really and *bona fide*, and without covin or collusion, sue, and with effect prosecute for the money or other thing, so by him or them lost," "it shall and may be lawful to and for any person or persons, by any such action or suit as aforesaid, to sue for and recover the same, and treble the value thereof," one moiety to the use of such person or persons, and the other to the use of the poor of the parish where the offence shall be committed. See St. 16 Car. II. *c.* 7, §§ 2, 3. The words above cited are exactly copied in § 2 of the Prov. St. of 1736–7, *c.* 17, and in § 2 of the Prov. St. of 1742–3, *c.* 27.

All these acts provided, in § 4, for a discovery, under oath, of the money or other thing won, and that, upon the discovery

and repayment, the person or persons who shall so discover and repay should be discharged from any other punishment, forfeiture, or penalty.

Before November 1, 1787, the Legislature of Massachusetts passed the St. of 1785, c. 58. This statute, covering the same subject, in its second section substantially reënacted the provisions of the second section of the previous acts. If the person losing did not within three months next after losing "really and truly, without covin or collusion, sue and with effect prosecute for the money or other thing" lost, it was lawful for any person to sue for and recover treble the value of the money, goods, and chattels lost, one half to his use, and the other half to the use of the poor of the town where the offence was committed. By § 4, the person losing could, at the trial of his action, at his option, make oath that the money or goods came to the hands of the defendant by gaming, and obtain judgment, unless the defendant swore that he did not receive them by gaming, or he could prove his case in the ordinary way. This was plainly intended as a substitute for the bill of discovery given by the previous acts.

The report of the Commissioners on the Revised Statutes does not show any intention of changing the preëxisting statutes in respect to "covin or collusion," and the Rev. Sts. c. 50, § 12, does not indicate that any such change was intended. The words "really and bona fide," or "really and truly," were omitted; but this is a natural omission for the sake of brevity, and might well be thought not to change the sense. The changes made by the Gen. Sts. c. 85, § 1, are of the same character. Section 2 of this chapter is but a reënactment of the St. of 1837, c. 179. *Low* v. *Blanchard*, 116 Mass. 272. The moiety which was originally given to the use of the poor of the town where the offence was committed, was given by the Revised Statutes to the use of the Commonwealth, and by the General Statutes was taken from the Commonwealth, so that the whole amount recovered belongs now to the person who brings the action.

This review of the statutes convinces us that the "covin or collusion" intended is covin or collusion between the person who lost and the person who won. The intention was to provide

against a covinous or collusive suit by the loser against the winner. If within three months the loser really and *bona fide*, without covin or collusion, sues for what had been lost, and thereafter prosecutes that suit with effect, no cause of action accrues to any other person; but it must be a real, *bona fide* suit, to be prosecuted with effect, and not a covinous or collusive one. It is probable, although it is not necessary to decide this, that the voluntary redelivery or repayment by the winner to the loser of the money or goods lost, if made within the three months, would discharge the winner from any other or further punishment, forfeiture, or penalty. These statutes were intended to give a sort of *locus penitentiæ* to the parties. If the parties did not choose to avail themselves of this, then the winner was to be punished in three times the value of what he had won. The punishment was not to be evaded by a covinous or collusive suit between the participants in the gaming, brought for the purpose of escaping the penalty.

It has been suggested that, on general principles of law, the plaintiff ought to be precluded from maintaining his action for the penalty, if he has fraudulently induced the loser not to bring an action for the property lost within three months, in order that he may be able to sue for three times its value. The argument is, that such conduct is in fraud of the statute; and that, in a sense, it is in consequence of the plaintiff's conduct that the defendants become liable to the penalty, because, if the loser had brought an action and prosecuted it with effect, they would not be liable to any other person. The plaintiff's action is none the less a penal action because now the whole proceeds recovered belong to him. It is only on the ground that this is a penal statute, that the provision giving the plaintiff the right to sue for three times the value of the property lost can be held to be constitutional. It is an action which must be brought within one year after the offence is committed. Gen. Sts. *c.* 155, §§ 20, 21. Pub. Sts. *c.* 197, §§ 4, 5. *Cole* v. *Groves*, 134 Mass. 471.

If this were an action to recover the property of the plaintiff, he might be estopped from maintaining it by his acts; but we do not think such equitable principles can be applied to a penal action. The purpose of the statute was to suppress gaming for

money or goods. Gaming is an offence which the participants are not likely to disclose. As an inducement to disclose it, the statute gives a remedy to the loser to recover what he had lost, — a remedy which he did not have at common law. If he does not choose to bring his action within three months, it gives an action for a penalty to any informer. This is done, not for the benefit of the informer, but for the punishment of the successful gamester, and for the suppression of gaming. To induce the informer to sue, the statutes originally gave him one half of what was recovered. By a change in the statutes, he now has the whole, but the object of the statute is still the same. The statute must be enforced for the public benefit, according to its intent, whatever may be thought of the conduct of the prosecutor, and it imposes no other condition upon the person who may sue than that he shall be another person than the loser. The loser can maintain no action for the penalty, and none to recover the property lost, unless he brings it within three months after the loss ; and the presiding justice rightly instructed the jury, that if the "suit, although in the name of Willie I. Cole, is really and truly not his suit, but is the suit of Henry G. Cole, and was brought for him and by him, in the name of the plaintiff, the defendants are entitled to a verdict."

There are expressions in the opinion in *Morris* v. *Farrington*, 133 Mass. 466, inconsistent with the construction we have given to the statute, which, on reconsideration, we think cannot be supported ; but the decision was correct, and the question here discussed was not necessarily involved in the decision.

It is said in that opinion, that the statute does not provide that the right of action in the plaintiff "shall be defeated by any agreement between the plaintiff and the loser, by which the latter is to receive some benefit from the suit made after the cause of action had vested in the plaintiff." If the agreement does not go to the extent of making it the loser's suit, we think this is correct. The plaintiff does not derive his right to sue for the penalty from the loser, and the right to recover it does not arise from a contract in which both are jointly interested. If he recovers it, he can dispose of it as he sees fit. If therefore he prosecutes the suit himself, as his suit, the law does not prohibit him from bargaining in reference to a partial disposition of

the proceeds. If the defendants desired more specific instructions upon the elements necessary to constitute this an action by the loser, they should have asked for them. If the construction we have given to this somewhat anomalous statute encourages conduct, not foreseen, which ought not to be permitted, the remedy is with the Legislature.

No error prejudicial to the defendants appears in the rulings or instructions.                    *Exceptions overruled.*