JONATHAN S. McDONALD

v.

THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF LOCKPORT.

*Municipal Corporations—Defective Sidewalk—Personal Injury—Recovery from Village—Action over against Abutting Property Owner—Former Adjudication—Evidence—Powers of Village Trustees.*

1.   Where a municipal corporation which has been required to pay damages for a personal injury caused by a defective sidewalk, the owner of the abutting property having joined in the defense, brings suit to recover the amount so paid from such owner, he can not again litigate questions involved in the first suit.

2.   In the case presented, it was only necessary for the plaintiff to prove that the negligence of the defendant was the cause of the injury, and that judgment against it had been obtained and paid.

3.   A village board of trustees can only bind the village when acting in their corporate capacity, and such act must be of record.   Instruction or directions to a police constable by individual members of the board acting separately do not bind the municipality.

4.   In the case presented, the court properly directed a verdict for the appellee, it having made by its evidence a *prima facie* case, and the defendant having failed to make any defense.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. C. W. BROWN, for appellant.

Messrs. HILL & HAVEN, for appellant.

C. B. SMITH, J.   In 1885 appellant owned and occupied a building on the north side of Tenth street, in the village of Lockport.   Desiring a better sidewalk in front of his building he tore away the old one and excavated the earth under the same about eight feet deep, and laid a new stone sidewalk in

the place of the old one, about eleven feet wide, and thirty feet long. Some time after this new sidewalk was laid by appellant, and being used by the 'public, one Randall Lynn, on the 4th of March, 1886, fell into a hole in said sidewalk and was injured. For this injury Lynn sued the village of Lockport. A trial of this suit was had resulting in a judgment in favor of Lynn for $200 and costs taxed at $63.05.

Lynn's declaration contained two counts. The substance of the first being that the sidewalk in question had, for a long time prior to the injury complained of, been out of repair and a large opening in the sidewalk left open and unguarded and that he, while exercising due care in passing over said walk in the night time, fell into such hole and was injured. The second count charges that a large stone forming a part of the sidewalk had been removed out of its place and thereby left a hole in the sidewalk, into which he fell while exercising due caution. Both counts allege negligence on the part of the city. The defendant pleaded the general issue. Appellant here was served with notice that the village had been sued and requested to appear and defend. He appeared by his attorney and assisted in the defense. The village was defeated and paid the full amount of judgment, costs and interest.

This suit is now brought against McDonald, the appellant, by the village of Lockport to recover over against him the amount of the former judgment against the village. The declaration alleges the negligent manner of building the sidewalk by McDonald and its dangerous character, the injury to Lynn and his recovery of a judgment against the village, and its payment. The defendant pleads the general issue.

On the trial the village proved its corporate existence, the ownership of the property along which the sidewalk was built, that appellant built it, that it was dangerous, and that Lynn fell into it in the night time and sustained injuries for which he recovered. The notice to appellant to appear and defend, and the fact that he did appear and assist in the defense, was admitted. It was also admitted that the village had paid the full amount of judgment, interest and costs,

amounting in all to the sum of $267.65. The record of the suit of Lynn against the village was also introduced. The proof fully established the identity of the two causes of action. Thereupon the appellee rested its case.

To meet this case, so made, the appellant introduced one Sly, the marshal of police, a constable of the village. Appellant asked witness "if he had any instructions or directions from the village trustees in reference to that opening?" to which appellee objected, and the objection was sustained and exception taken. Witness testified that he told McDonald to fix the place, and that McDonald asked him if that would do? Appellee objected to witness giving any further conversation between himself and McDonald, which objection was sustained and exception taken.

This witness was also asked if he acted with a knowledge of the trustees in looking after the sidewalks, and if he acted in his official capacity in doing what he did, to which objection was made and sustained and exception taken. We think the court ruled correctly in excluding this testimony. Any authority to bind the village must have been a matter of record. The individual officers of the board, acting separately, could not bind the village by any instructions or directions any of them might give the officers. They can only bind the village when acting in their corporate capacity, and those acts must be shown by the record.

Appellant also called Randall Lynn, who testified that McDonald's building, where he was hurt, was just opposite the city hall. He was then asked to state if the lamp on the street in front of the city hall was lighted and burning that night, to which objection was made and sustained, and exception taken. Appellant then offered to prove by the witness and the corporate records that the village had for years undertaken to light the streets, including the street in controversy, and that Lynn was hurt on a dark night; that the lamp in front of the city hall was not lighted on that night; that, if it had been lighted, the holes in the sidewalk could have been seen by Lynn and avoided; that the failure to light the lamp contributed to Lynn's injury, and that the police constable had

been charged by the records with the duty of lighting the lamps, including the one in front of the city hall, but the court refused the offer and exception was taken. We think the court was correct in this ruling. This evidence would have been competent in the suit of Lynn against the city. But appellant having been notified to appear and defend that suit, was bound by the judgment there had and can not now litigate the questions then involved, in this suit. All that appellee was bound to prove in this case, was that appellant was the author of the mischief for which the village had been convicted and that it had paid the judgment. Upon this evidence the right of appellee to recover was absolute. Gridley v. The City of Bloomington, 68 Ill. 47; Todd v. The City of Chicago, 18 Ill. App. 505; City of Bloomington v. Roush, 13 Ill. App. 341. The appellant offering no further evidence, the court thereupon directed the jury to return a verdict for the appellee for the sum of $267.65, which the jury did, and the appellant had judgment on the verdict.

The appellee, by its evidence, made a *prima facie* case, and the appellant having failed to offer anything against it, there was no error in the court directing a verdict for the appellee. There was nothing for the jury to try, and to have sent them out to consider of their verdict would have been but an idle ceremony.

We find no error in the record.

*Judgment affirmed.*