JOHN CASSIDY *vs.* JAMES J. HOLBROOK.

Penobscot.   Opinion June 5, 1889.

*Plea in abatement.   Practice.   Replevin.*

A plea in abatement, to a replevin writ brought in a wrong county, is bad, if the plea concludes with a prayer "of judg— of said writ." The abbreviated expression "judg—" will not be accepted for the word judgment.

Where matter, which is pleadable in abatement, appears on the face of the writ, the practice requires that a prayer for judgment shall be inserted in both the beginning and conclusion of the plea. Dilatory pleas are allowed, because sometimes promotive of justice; they are strictly construed, because often preventive of justice.

Where a replevin writ is brought in a right court, but in a wrong county, and the defendant undertakes to avail himself of the objection by pleading it in abatement, and his plea fails, on demurrer thereto, for want of proper form, he will not be permitted to have the benefit of the objection upon subsequent motion, or under any subsequent pleadings, although the objection might have been a defense under the general issue, as well as in abatement.

ON EXCEPTIONS.

This was an action of replevin for property exceeding twenty dollars in value, alleged in the writ, to have been detained by the defendant at Milo, Piscataquis county. The writ was made returnable and entered in this court, in Penobscot county.

The defendant appeared and seasonably filed the following plea in abatement :—

And now, on the first day of the term, the said defendant comes and defends, &c., when &c., and prays judgment of the writ in the above entitled action, because he says that the value of the goods to be replevied, and in said writ described, exceeded twenty dollars at the time of the issuance of said writ, and that at the time of the purchase and service of said writ, and long before, said goods were in the lawful possession of, and were lawfully detained by said defendant, at said Milo, in the county of Piscataquis, as by the allegations of said writ will appear to the court : wherefore the said plaintiff, if he had any good cause of action against the said defendant, ought to have commenced the same

in accordance with the statute in such cases made and provided, that is to say, in the supreme judicial court, in the county of Piscataquis aforesaid, and not in said court, in the county of Penobscot; and this he is ready to verify.

Wherefore he prays judg— of said writ, that it may be quashed, and for a writ of restitution for the return of said goods, and for his proper damages and legal costs in the premises.

JAMES J. HOLBROOK.

The plaintiff, to this plea, filed a general demurrer, in which the defendant joined. The presiding justice adjudged the plea bad, and sustained the demurrer; and the defendant excepted to the ruling, etc.

*Peregrine White*, for defendant.

The court can have no jurisdiction of this case upon plaintiff's own showing; and can render no judgment upon the record. Such judgment would be a nullity; and no protection to the plaintiff. Action should have been brought in the county where the goods are detained. R. S., c. 96, § 9.

The want of jurisdiction being apparent upon the record, there is no need of a motion, or plea in abatement. The court was bound to abate the writ *ex proprio motu.* Defendant's appearance and plea could not give the court jurisdiction. When a substantial defect in the writ appears on the record the court ought, *ex officio*, to abate it. *Hart* v. *Fitzgerald*, 2 Mass. 509; *Tingley* v. *Bateman*, 10 Id. 343; *Osgood* v. *Thurston*, 23 Pick. 110, 111; *Haskell* v. *Woolwich*, 58 Maine, 535. The court will dismiss an action at any stage of it, whether moved by a party or not, when it is discovered that they have no jurisdiction. *Chittenden* v. *Hurlbut*, 1 D. Chip. 384; *Glidden* v. *Elkins*, 2 Tyl. 218; *Southwick* v. *Merrill*, 3 Vt. 320; *Stoughton* v. *Mott*, 13 Id. 175; *Shepherd* v. *Beede*, 24 Id. 40; *Thayer* v. *Montgomery*, 26 Id. 491.

The judgment will be no protection to the officer. *Driscoll* v. *Place*, 44 Vt. 252.

The word judgment used in the commencement of the plea is indicated as the word intended to be used in the concluding prayer, by the presence of the first half of the word at the end of the line, together with a hyphen to show that it was intended to

be completed at the beginning of the line below, that is to say, the word judgment.

*C. P. Stetson, P. H. Gillin,* with him for plaintiff.

Pleas in abatement must be certain to every intent. *Bank* v. *Mosher,* 79 Maine, 242, 245.

Plea should conclude with praying judgment of the writ. *Hazzard* v. *Haskell,* 27 Maine, 549. Plea contains no such prayer,— judg is not judgment. This not a prayer for judgment. Judg is an abbreviation for judges. See Webster's Academic Dictionary.

PETERS, C. J. Dilatory pleas are allowed because sometimes useful, and promotive of justice. But, for the reason that they are often resorted to for inequitable purposes, the law does not favor them. Therefore, they are to be very strictly construed. And the rule of strictness is general, applying to all cases. The rule really imposes no hardship. An attorney may preserve all his client's most technical rights by attention to the customary and well known forms and precedents.

In the case at bar, property, which was detained in Piscataquis county, was wrongfully replevied on process returnable in Penobscot county. For this error the defendant undertook to plead in abatement of the writ. At the close of his plea he prays "judg— of said writ." This abbreviated expression "judg—" can not be accepted for the word "judgment." It may stand for other words as well as for that. He therefore fails in his plea to pray judgment of the writ, the plea being for that cause fatally defective on demurrer. The plaintiff demurred to the plea. The defendant's error cures the plaintiff's.

Mr. Chitty in his work on pleadings cites a case where the benefit of a plea in abatement was lost by using the phrase "judgment if," instead of "judgment of." It was held in *Hazzard* v. *Haskell,* 27 Maine, 549, that praying in a plea of abatement that the writ may be quashed without a prayer for judgment of the writ, is bad on general demurrer. This will be found to be the doctrine of all the authorities controlled by the common law. It does not mend the matter that the defendant prays judgment of the writ in the commencement of the plea.

It is indispensable that the prayer be inserted in the conclusion of the plea. The rule is that where matter which appears on the face of the writ is pleaded in abatement the plea must both begin and conclude with praying judgment of the writ; and that all pleas shall so conclude. Mr. Chitty declares the rule to be positive and without exceptions. See cases in Chitty's Pleadings (16th Am. Ed.) *477 and subsequent pages. The rule is well stated and explained in cases in New Hampshire. *Pike* v. *Bagley*, 4 N. H. 76; *Baker* v. *Brown*, 18 N. H. 551.

The defendant, however, contends that, if defeated in his plea in abatement, the point is open to him on motion to abate, which may be made now, or at any time, as the want of jurisdiction is apparent on the face of the writ. Replevin being, in a strict sense, a local action, though there is not much reason for so classifying it, the defendant may have had the privilege of making his objection to the jurisdiction by pleading in abatement, or by demurrer, or by proof under the general issue. *Blake* v. *Freeman*, 13 Maine, 130; *Haskell* v. *Woolwich*, 58 Maine, 535. He elected to plead in abatement as a mode of defense affording him some supposed advantage. Having been once heard he cannot be heard again on the question. He made the challenge at the outset, and was worsted on his selected ground; and further opportunity is foreclosed against him. A defendant can never plead a fact twice in abatement, without leave of court for special reason, and there is as much ground of objection to pleading the same fact first in abatement and then in bar, if it be legitimately pleadable either way. The result will not be inequitable, for, as said by this court in an early case, "there is not readily discernible a reason for putting the action of replevin upon any different ground than that of all other personal actions for trespass for taking goods." *Pease* v. *Simpson*, 12 Maine, 261. The present action is pending in the right court, though in a wrong county. *Otis* v. *Ellis*, 78 Maine, 75. There is no incongruity that prevents even the trial of a real action in a county where the land does not lie. *Osgood* v. *Lynn*, 130 Mass. 335.

*Plea bad. Defendant to answer over.*

WALTON, DANFORTH, VIRGIN, LIBBEY and FOSTER, JJ., concurred.