## GEORGE KIZER *et al.*

*v.*

## JAMES WALDEN.

*Opinion filed October 25, 1902.*

1. GAMING—*effect of section 132 of Criminal Code.* The legal effect of section 132 of the Criminal Code is to limit the time within which the loser of money at gaming may bring his suit, to six months, and that after such period any person may sue the winner for treble the amount lost, one-half for the use of the county and one-half to the plaintiff.

2. SAME—*words of section 132 of Criminal Code construed.* The words "covin and collusion," used in section 132 of the Criminal Code, providing for a right of action by a third party in case the loser shall not, within six months, "without covin and collusion," bring suit to recover the amount of his losses, refer to covin and collusion between the loser and the winner, and not between the loser and the third party.

3. SAME—*right of defendant to show that suit by third party is really the suit of the loser.* In an action under section 132 of the Criminal Code to recover treble the amount of money lost by the plaintiff's brother to the defendant in gaming, the defendant has the right to prove, if he can, that the suit is really the suit of the loser, and that he and the plaintiff conspired together for the purpose of recovering treble the amount lost.

4. EVIDENCE—*what proper cross-examination of loser when testifying for plaintiff.* In an action to recover treble the amount lost by the plaintiff's brother in gaming, if the loser testifies for the plaintiff that he *never* brought suit against the defendants, it is proper to ask him, on cross-examination, if he did not state to a certain person in a certain place, at a specified time, that he had been advised by his attorneys to wait six months and then sue in his brother's name for treble the amount, and that he was going to have his brother bring the suit.

5. TRIAL—*rule against taking case from jury should be strictly enforced in prosecution for penalty.* In actions for treble the amount lost in gaming, brought under section 132 of the Criminal Code, the rule that the court should not take the case from the jury if there is evidence tending to support the cause of action or the defense set up by the defendant, should be enforced with more strictness than in ordinary civil suits.

6. SAME—*when court should not take case from the jury.* In an action for treble the amount lost in gaming, the court should not instruct the jury to find for the plaintiff if there is a conflict in the evi-

dence as to whether the proceeds of certain checks given by the loser to the defendant were lost in the defendant's gambling house, or in some other place with which defendant was not connected.

*Kizer* v. *Walden*, 96 Ill. App. 593, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the City Court of Mattoon; the Hon. J. F. HUGHES, Judge, presiding.

This is a special action on the case, based upon section 132 of the Criminal Code, and brought by James Walden, the appellee, in the city court of Mattoon on September 1, 1900, against the appellants, George Kizer, David Kizer and John Kizer, to recover treble the sums of money, claimed to have been lost to the appellants at gaming by Frank Walden, appellee's brother, at various times within the periods specified in the declaration. The plea of the general issue was filed. Upon trial before the court and a jury, the jury returned the following verdict: "We the jury find for the plaintiff, and we assess his damages at $720.00." Motion for new trial was overruled, and judgment was rendered upon the verdict. An appeal was taken from this judgment to the Appellate Court, where the same has been affirmed. The present appeal is prosecuted from such judgment of affirmance.

The second count of the amended declaration alleges that, within the period between January 1, 1898, and October 25, 1899, the appellants kept a gambling house in Mattoon where men bet money on games of cards, etc., with appellants; that said Frank Walden on April 21, 1898, and from that time to October 25, 1899, at the gambling house so kept by appellants, at various times engaged in wagering or betting money or other property on said games of cards, etc., with appellants, and did at such times lose and pay to appellants at each time or sitting an amount of money or property, exceeding in value the sum of $10.00, and that the total amounts of money or property so lost or paid, at each time or sitting

exceeding in amount $10.00, to the appellants, by said Frank Walden, was $1500.00, contrary to the form of the statute in such case made and provided; that said Frank Walden did not, within six months from the time he lost and paid said several sums of money, bring suit to recover the same, or any part thereof, whereby, and by force of the statute, etc., an action has accrued to the appellee to have and recover of and from the appellants, as well for the county of Coles as for himself, the sum of $4500.00, being treble the amount in value of the several sums of money lost and paid by Frank Walden to the appellants; to the damage of the plaintiff, the appellee, and the said county of Coles, of $5000.00, etc.

At the close of the evidence on both sides the court gave the following instructions for the appellee:

1. "The court instructs the jury to find the issues for the plaintiff and assess his damages at three times the total amount of the losses of the said Frank Walden to the defendants in sums equal to, or exceeding in amount, the sum of $10.00 at each time or sitting, as the same may be proved by the evidence.

4. "The form of the verdict will be, 'We, the jury, find for the plaintiff and we assess his damages at $.....'"

The court refused all the other instructions, asked by appellee, plaintiff below, being five in number. The court gave the following instructions for the defendants:

2. "The court instructs the jury that the checks introduced in evidence, including those indorsed by George Kizer, are not in themselves evidence that Frank Walden lost money at gaming, but are mere memoranda, and it devolves upon the plaintiff to show, by a preponderance of the evidence, that he cashed or caused to be cashed each of said checks, and that the money obtained thereon was lost by him at gaming to these defendants in amounts at each time or sitting equal to or in excess of $10.00, before the plaintiff can recover for any amount claimed to have been lost by Frank Walden on his checks.

3. "The court instructs the jury that you are the judges of the weight and credibility of the evidence of the various witnesses in this case; in determining the weight to be given to the testimony of the various witnesses it is right and proper for you to take into consideration the relationship, if any, of the witnesses to the parties; their interest, if any, in the event of the suit; their conduct and demeanor while testifying; their apparent fairness or bias, if any such appears; their appearance on the stand; the reasonableness of the story told by them; and to give such credit and weight to the testimony of each witness as, under all the facts and circumstances proven on the trial, such witness in your judgment seems to be entitled to."

The court refused all the other instructions asked by appellants, being fourteen in number.

After the jury retired it returned into court for further instructions, and the court on its own motion, and without notice to the appellants or their counsel, gave the following instruction:

5. "The court instructs the jury that, when a player enters a room where several games of chance are in progress and he engages in play, and passes from one game to another, playing now upon one game and then upon another, so long as he thus continues to play it is all one time or sitting within the meaning of the statute."

CRAIG & KINZEL, for appellants:

The mere fact that the penalty provided in section 132 of the Criminal Code is made recoverable by civil action instead of by criminal prosecution does not change the criminal character of the action. *Robson* v. *Doyle*, 191 Ill. 566; *McDonald* v. *Hurst*, 95 Fed. Rep. 656.

An error in the admission of improper and irrelevant testimony is not cured by proper instructions. *Railroad Co.* v. *Winslow*, 66 Ill. 222; *Insurance Co.* v. *Rubin*, 79 id. 402; *Jackson* v. *People*, 18 Ill. App. 508.

As it is upon Frank Walden's testimony this recovery is largely based, and as he is the principal witness in the case, liberal latitude should have been allowed on his cross-examination. *Maynard* v. *People*, 135 Ill. 416; *Travers* v. *Snyder*, 38 Ill. App. 380; *Hanchett* v. *Kimbark*, 118 Ill. 121. .

While the court may direct a verdict for a party, yet there is always a legal question involved, which must be determined preliminary to the argument and submission to the jury. By submitting a peremptory instruction along with others as to the facts in the case this point is waived, and the court should refuse to give such an instruction. *Peirce* v. *Walters*, 164 Ill. 560; *Railway Co.* v. *Delaney*, 169 id. 581; *Vallette* v. *Bilinski*, 167 id. 564; *Franklin* v. *Krum*, 171 id. 378.

While the jury may be directed to find for the plaintiff, yet this is only done where there is no evidence interposed by the defendant that tends to make a defense. Abbott's Trial Brief, (2d ed.) 387-389, and cases cited; *McDonald* v. *Lockport*, 28 Ill. App. 157; *Matson* v. *Taylor*, 35 id. 549; *Eden* v. *Drey*, 75 id. 102; *Belinski* v. *Brand*, 76 id. 404; *Heinsen* v. *Lamb*, 117 Ill. 549; *Anthony* v. *Wheeler*, 130 id. 128; *Kinser* v. *Calumet Co.* 165 id. 505.

A peremptory instruction to find for the plaintiff can not be given in the *qui tam* action provided in section 132 of the Criminal Code, because such action is of a criminal character and really a criminal prosecution. *Robson* v. *Doyle*, 191 Ill. 566; *McDonald* v. *Hurst*, 95 Fed. Rep. 656.

The action of the court in giving to the jury instruction No. 5, on its own motion and without notice to appellants or their counsel, was erroneous and prejudicial to appellants. *Joliet* v. *Looney*, 159 Ill. 471; *Railroad Co.* v. *Robbins*, 159 id. 598; *Fisher* v. *People*, 23 id. 283; *Crabtree* v. *Hagenbaugh*, id. 349; Abbott's Trial Brief, (2d ed.) 484.

Inasmuch as the judgment in this case fails to appropriate the penalty as provided by statute, it is fatally defective. Crim. Code, sec. 132; *Railroad Co.* v. *Tait*, 50 Ill. 48; *Railroad Co.* v. *Herr*, 54 id. 356.

ANDREWS & VAUSE, for appellee:

When it can be seen from the record that the same result must have followed, a judgment will not be reversed for the refusal of a correct instruction or the giving of one that is incorrect. *Gray* v. *Merriam*, 148 Ill. 188; *Town of Wheaton* v. *Hadley*, 131 id. 640; *Smith* v. *Smith*, 168 id. 501; *Ennis* v. *Pullman Co.* 165 id. 180; *People* v. *Ritzman*, 110 id. 362; *Hodges* v. *Percival*, 132 id. 53; *Rolling Stock Co.* v. *Wilder*, 116 id. 107.

A party pursuing his legal remedies in a legal manner cannot be called in question in respect to the motives which prompt him to action. *People* v. *Knickerbocker*, 114 Ill. 539; *Gilbert* v. *Boone*, 79 id. 341; *Asphalt Co.* v. *Paving Co.* 61 Ill. App. 354; *Railway Co.* v. *Flannigan*, 47 id. 322; 10 Am. & Eng. Ency. of Law, (1st ed.) 885, note.

When a suit is brought to recover a penalty, it is a matter of no concern to the defendant what disposition is made of the money when collected. The recovery will operate as a bar to any future action for the same penalty. *Railroad Co.* v. *People*, 91 Ill. 452.

A party will not be permitted to assign errors in the court above, other and different from those assigned in the intermediate court, on the record brought up from the lower court. *Express Co.* v. *Meints*, 72 Ill. 293.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

*First*—Section 132 of the Criminal Code provides that "any person, who shall, at any time or sitting, by playing at cards, dice or any other game or games, or by betting on the side or hands of such as do game, .* * * lose to any person so playing or betting, any sum of money or other valuable thing, amounting in the whole to the sum of $10.00, and shall pay or deliver the same or any part thereof, the person so losing and paying or delivering the same, shall be at liberty to sue for and recover the money, goods or other valuable thing, so lost

and paid or delivered, or any part thereof, or the full value of the same, by action of debt, replevin, assumpsit or trover, or proceeding in chancery, from the winner thereof, with costs, in any court of competent jurisdiction," etc. And said section concludes as follows: "In case the person who shall lose such money or other thing, as aforesaid, shall not, within six months, really and *bona fide*, and without covin or collusion, sue and with effect prosecute for such money or other thing, by him lost and paid or delivered, as aforesaid, it shall be lawful for any person to sue for, and recover treble the value of the money, goods, chattels and other things, with costs of suit, by special action on the case, against such winner aforesaid; one-half to use of the county, and the other to the person suing." (1 Starr & Curt. Ann. Stat.—2d ed.— pp. 1299, 1300).

We have held that the legal effect of this section of the Criminal Code is to limit the time, in which the loser may bring his action, to six months, and to bar the bringing of such action after the lapse of that time; and that, after that period has elapsed without a suit by the loser, any other person may sue the winner and recover treble the value of the money, etc., one-half to the use of the county, and the other half to the use of the person suing. (*Holland* v. *Swain*, 94 Ill. 154).

The person, alleged to have lost the money by gaming to the appellants, was Frank Walden, the brother of the present appellee, James Walden, who brought this suit in the court below. Frank Walden could only have recovered the amount of his losses if he had elected to sue the appellants within six months; and if he had brought such suit within six months, it was his duty to prosecute it in good faith, "without covin or collusion." The words, "covin or collusion," refer to covin or collusion between the person who loses and the person who wins, and not between the loser and the third person suing for treble the amount lost. Cases might arise where, by collusion

between the loser and the winner, the former might bring a collusive suit against the latter, not with a view of recovering the amount of the loss, but for the purpose of preventing a suit for treble the amount of the loss by any third person. It is for this reason that the statute prohibits collusion between the loser and the winner. (*Cole* v. *Applebury*, 136 Mass. 529).

In order to entitle the appellee to recover, it was necessary for him to show that his brother had not brought suit for the money lost within six months. At the close of the evidence introduced by appellee, as plaintiff below, appellants moved the court to exclude plaintiff's evidence and direct the jury to find for the appellants, defendants below, upon the ground that there was no evidence, showing that a suit had not been brought by Frank Walden within six months to recover the moneys he may have lost. This motion was overruled, and the defendants took exception. Counsel for appellee, plaintiff below, then moved the court to be allowed to re-open their case to introduce evidence upon this allegation of their declaration. Appellants objected, but their objections were overruled, and leave was given to appellee to re-open his case to introduce such evidence. To this ruling the defendants took exception.

Thereupon, Frank Walden was re-called, and the following question was asked him, and the following answer was made by him: "Q. Mr. Walden, I will ask you if you ever brought a suit either collectively or separately against the Kizer brothers for money lost by you in their gambling house?—A. No, sir." Upon the cross-examination, counsel for appellants asked Frank Walden the following questions, to which appellee objected, and, the objections being sustained, appellants excepted. The questions, so asked upon cross-examination, were as follows: "Q. I will ask you if you didn't state to George Nofflett in the presence of two other persons some time on or about March 1, 1900, in Mattoon, that you had been

advised by your attorneys to wait until six months had gone by, and then bring suit in your brother's name, and get three times the amount." "Q. I will ask you if you did not say that you were going to have your brother bring the suit." "Q. I will ask you if you have not consulted attorneys in Mattoon and Shelbyville both about bringing this suit in your brother's name."

We are of the opinion that the trial court committed error in refusing to allow these questions to be answered. Frank Walden could not wait six months, and then maintain an action in the name of his brother, or some other person, for the purpose of recovering against the winner treble the amount of his losses. Hence, the appellants should have been allowed to prove, if they could, that, while the suit was being prosecuted in the name of James Walden, it was really and truly the suit of Frank Walden, and that he and the appellee had conspired together for the purpose of recovering from appellants the treble amount authorized to be recovered by the statute.

This precise question has been decided by the Supreme Court of Massachusetts in the case of *Cole* v. *Applebury, supra.* The latter case arose under a Massachusetts statute, which is similar in its terms to the Illinois statute upon the subject. The Massachusetts statute provided, in substance, that whoever, by playing at cards, etc., should lose to any person any money and pay the same, might sue for and recover such money in an action of contract, and if the loser did not, within three months after such loss, without covin or collusion, prosecute with effect for such money, then any person might sue for and recover treble the value thereof in an action of tort. The suit in the *Cole case* was by Willie I. Cole to recover treble the amount of a sum of money, alleged to have been lost at gaming by his brother, Henry G. Cole, to one Applebury. The defendant there contended that the action was not prosecuted by the plaintiff in good faith, and that Henry G. Cole was the real

prosecutor of the action in the name of his brother, who was only the nominal plaintiff. Upon this subject the Supreme Court of Massachusetts in that case said: "The loser can maintain no action for the penalty and none to recover the property lost, unless he brings it within three months after the loss; and the presiding justice rightly instructed the jury that, if the 'suit, although in the name of Willie I. Cole, is really and truly not his suit, but is the suit of Henry G. Cole, and was brought for him and by him in the name of the plaintiff, the defendants are entitled to a verdict.' * * * It is said in that opinion [referring to *Morris* v. *Farrington*, 133 Mass. 466,] that the statute does not provide that the right of action in the plaintiff 'shall be defeated by any agreement between the plaintiff and the loser, by which the latter is to receive some benefit from the suit made after the cause of action had vested in the plaintiff.' If the agreement does not go to the extent of making it the loser's suit, we think this is correct."

Inasmuch as, in the case at bar, Frank Walden could maintain no action after the six months had expired, then if a suit was brought in the name of James Walden, it was competent for appellants to show that such suit was really the suit of Frank Walden, although brought in the name of his brother, James Walden.

The question, propounded to Frank Walden upon the re-opening of the case, was not merely whether he had brought a suit against the Kizer brothers for money lost by him in their gambling house within six months, but the question was whether he had ever brought suit against the Kizer brothers for money so lost. It would have been sufficient to justify the suit by the appellee, if it had been shown that no suit had been brought by Frank Walden within six months, but the question was broad enough to reach down to the date when the present suit was brought on September 1, 1900. Frank Walden, having sworn upon his direct examination that he

had never brought any suit against the Kizer brothers, it certainly was competent upon cross-examination to ask him if he had been advised to wait until the six months had gone by and then to bring suit in his brother's name to recover three times the amount. The question was equivalent to a question whether the present suit was not his suit in his brother's name, and if so, it showed an interest on his part in the suit. It is always competent to show the interest of a party upon cross-examination. The cross-examination was legitimate and proper in view of the question asked upon the direct examination. Having said that he had never brought any suit, he could be asked questions, tending to show that he had, as matter of fact, brought the present suit for himself in another person's name. As he had already stated that he had never brought any suit, it was proper to ask him if he had not stated to George Nofflett that he had been advised to bring the present suit in his brother's name; and if he had answered in the negative, testimony could have been introduced to contradict him with a view of showing that the statement made upon his direct examination was not correct, to-wit, that he had never brought any suit.

*Second*—By giving the first instruction, which was given for the appellee, the court took the case away from the jury. By that instruction the jury were told to find the issues for the plaintiff and assess the damages at three times the total amount of the losses, etc. In *Kinser* v. *Calumet Fire Clay Co.* 165 Ill. 505, we said: "The peremptory instruction to find for the plaintiff was, in effect, taking the case from the jury. When the court directs a verdict, an issue of law is raised upon the whole case, and there is no fact for the jury to find." In *Heinsen* v. *Lamb*, 117 Ill. 549, we said: "It is also assigned for error, that the court improperly instructed the jury to find for the plaintiff. Where the right of recovery depends upon the existence of certain extrinsic facts about

which the evidence is conflicting, the court has no right to take the case from the jury."

It certainly was not proper for the court thus to take the case from the jury, if there was evidence tending to support the defense made by the appellants upon the trial below. (*Vallette* v. *Bilinski,* 167 Ill. 564; *McDonald* v. *Village of Lockport,* 28 Ill. App. 157; *Matson* v. *Taylor,* 35 id. 549; *Eden* v. *Drey,* 75 id. 102; *Belinski* v. *Brand,* 76 id. 404.)

After the court had given the instruction to the jury to find the issues for the plaintiff, it was unnecessary to give any other instructions whatever. The giving of two of the instructions asked by appellants, and the giving by the court of an instruction to the jury after they had retired to the jury room, were inconsistent with the instruction to the jury to find the issues for the plaintiff. The inconsistency, however, between these instructions could have done the appellants no harm, if the court committed no error in giving the instruction to the jury to find the issues for the plaintiff. In thus, however, taking the case from the jury, we think that the court erred, because there was evidence tending to sustain the defense made by the appellants under the plea of the general issue.

Appellee introduced in evidence upon the trial below a number of checks, drawn by Frank Walden upon banks and cashed by certain third persons, none of whom were the appellants herein. None of the checks introduced in evidence, indorsed by these third persons, were of themselves proof that Frank Walden had lost money in the gambling house of the appellants. It was necessary for the appellee to show that the money, obtained by the checks so drawn, was lost in the gambling house of the appellants. As we read the record, the evidence was to some extent conflicting upon this subject. Counsel for the appellee, however, say that there were a number of checks, each for $10.00 or more, all payable to the order of one of the appellants, or indorsed by one of them,

and that these checks were given to appellants in payment of losses, made to them in their gambling house, and were paid by the banks upon which they were drawn. This statement of counsel is sustained by the' evidence of Frank Walden, but 'it is not true that that evidence is not denied or contradicted by the testimony of the appellants. For example, one of these checks was a check for $75.00 indorsed by George Kizer. A witness named Horine swears that, although Kizer cashed this check for $75.00 for Frank Walden and gave him the money, yet the money was not lost at the gambling house of the appellant, but at the gambling house of another man, named Frost. Appellee is contradicted in his statement in regard to other checks, indorsed by the Kizers, or one of them. The testimony of the appellants is to the effect that, although Frank Walden obtained money from the Kizers on these checks, he did not lose the money in their gambling house, but in some other gambling house. We pass no opinion upon the value or weight of this testimony, but we think it was for the jury to say whether the statement in regard to this matter, made by Frank Walden, was correct, or whether the statement, made by the witnesses for appellants, was correct. In view of this contradiction and conflict, the court erred in not leaving it to the jury to determine the issues involved, instead of taking the case away from the jury by the instruction given for the appellee.

It is strenuously insisted by counsel for appellants that a peremptory instruction, like the one here under consideration, to find for the plaintiff cannot be given in the *qui tam* action provided for in section 132 of the Criminal Code, upon the alleged ground that such action is of a criminal character and is really a criminal prosecution; and that in a criminal case the court has no right to instruct the jury to find the defendants guilty, no matter how weak the defense may be. The Supreme Court of Massachusetts held that such a statute as this is a

penal statute, and that the recovery of treble the amount lost is authorized, not for the benefit of the informer, but for the punishment of the successful gamester and for the suppression of gaming, and that the statute when enforced is enforced for the public benefit. (*Cole* v. *Applebury, supra*). This court has also held that a *qui tam* action for treble the amount, lost under said section 132 of the Criminal Code, is purely a prosecution for a penalty for a violation of the penal code. (*Robson* v. *Doyle,* 191 Ill. 566). In *Robson* v. *Doyle, supra,* we said: "It makes no difference that the suits brought by complainant are civil in form. They are brought for penalties for alleged offenses against the laws of the State, and are criminal cases within the meaning of the constitutional provision."

We do not deem it necessary, however, to hold that, upon the trial of such a case as this, the court is never authorized to instruct the jury to find the issues for the plaintiff upon the alleged ground that the action is in the nature of a criminal prosecution. We express no opinion upon this proposition, as no authorities are furnished us by counsel upon the question. But we do hold that, in an action of this kind which is criminal in its nature, the rule, that a case should not be taken away from the jury where there is evidence tending to support the cause of action set up by the plaintiff, or the defense insisted upon by the defendant, should be enforced with more strictness than in an ordinary civil action.

For the errors above indicated, we are of the opinion that the courts below erred. Accordingly, the judgments of the Appellate Court and of the city court of the city of Mattoon are reversed, and the cause is remanded to the latter court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*