## LEWIS P. HOLLAND *et al.*

### *v.*

## NATHANIEL SWAIN.

1. PURCHASER—*when protected against fraud, etc., of his vendor.* Where the owner of personal property puts the same into the possession of another with the present intention of parting with his title thereto, and the person thus in possession as owner, by the consent of the real owner, sells and delivers the same for a valuable consideration to a *bona fide* purchaser, whether such original delivery of possession occurred by reason of fraud, or of a void contract, or from any other cause, such original owner can not recover the property from such honest purchaser.

2. GAMING—*limitation of action by loser.* The legal effect of sec. 132 of the Criminal Code giving a right of action to the loser of property, etc., by wager upon any race, against the winner, is to limit the time in which the action may be brought to six months. After that period has elapsed without suit by the loser, any other person may sue the winner and recover treble the value of the money, etc., one-half to the use of the county, and the other half to the use of the person suing.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. F. E. ALBRIGHT, and Mr. R. A. D. WILBANKS, for the plaintiffs in error:

At common law horse racing, not being considered against public policy, was not illegal, and money or other property lost and delivered could not be recovered back by the loser. Bacon's Abridg. vol. 4, p. 452, and cases cited; Metcalf on Contracts, 238.

The defendant in error has only such remedy as is specially given by the statute. The statute gives the owner of property lost at gaming six months from the date of loss and delivery in which to sue and recover from the winner, viz, debt, replevin, assumpsit, trover, or a suit in chancery. The latter remedy he may have notwithstanding his remedy at law is complete. *Chapin et al. v. Dake,* 57 Ill. 295.

After the expiration of six months if the loser fails to sue for the money or other thing lost and paid by him, the statute authorizes any person to sue for and recover treble the value of the money, goods, chattels or other things, with costs of suit, etc.  Rev. Stat. 1874, p. 372, sec. 132.

Before the expiration of six months the loser can bring replevin against the winner, but not against any one else. After that time any person may bring a special action on the case against the winner for treble the value and give one-half to the county.

The plaintiffs in error were innocent purchasers of the horse, without any notice he had been won at gaming.

Messrs. POLLOCK & SON, for the defendant in error:

The attempt to set up sec. 132 of ch. 38, Rev. Stat. 1874, as a bar to the right of recovery can not be sustained. The only limitation to the right of recovering personal property is five years.  Rev. Stat. 1874, p. 675, sec. 15.

The object of sec. 132 was evidently to give an additional remedy against an existing evil, and not as a limitation of the right of action.

If true that the horse was lost upon a wager, the fifth plea fails to state that the defendant in error either surrendered or authorized the surrender of the horse by the terms of the wager or otherwise, and leaves the party appropriating the property as a wrongdoer without color of right.

We have substantially adopted the English statute, and this court, following the construction of the English courts, has declared that horse racing is gambling; that all gambling contracts are absolutely void, and that money or property paid over or delivered upon such contracts may be recovered back. *Tatman* v. *Strader*, 23 Ill. 493; *Garrison et al.* v. *McGregor*, 51 id. 473; *Richardson et al.* v. *Kelly*, 85 id. 491; *Merchants' Loan and Trust Co.* v. *Goodrich*, 75 id. 554.

Mr. Justice Dickey delivered the opinion of the Court:

This is an action of replevin, brought in the circuit court of Williamson county, on the 15th day of April, 1876, by Swain, defendant in error, against Holland and Gurley, plaintiffs in error, for the possession of a certain horse of the value of $500.

Defendants below pleaded that on the 5th day of September, 1875, the horse was put up by plaintiff on a wager upon a horse race and lost, and delivered to one Albright, the winner, and that afterwards, on April 1, 1876, defendant Holland in good faith, for a valuable consideration, bought the horse of Albright without notice that Albright had acquired the horse by wager.

Another plea was filed setting out in substance the wager, loss, and delivery of the horse to Albright under the wager, and that the action was not brought within six months, pleading in bar sec. 132, ch. 38 of Rev. Stat. 1874.

To each of these pleas the circuit court sustained a general demurrer, and judgment was rendered on demurrer for plaintiff below.

To reverse this judgment defendants below bring this writ of error.

When the owner of personal property puts the same into the possession of another with the present intention of parting with his title thereto, and the person thus in possession as owner by the consent of the real owner, sells and delivers the same for a valuable consideration to a *bona fide* purchaser, whether such original delivery of possession occurred by reason of fraud or of a void contract, or from any other cause, such original owner can not recover the property from such honest purchaser. *Jennings* v. *Gage et al.* 13 Ill. 610.

By section 132 of our Criminal Code, it is enacted, that any person who shall, by any wager upon any race, lose to any person any money or other valuable thing amounting to $10, and shall deliver the same, the person so losing and deliver-

ing the same may sue for and recover the same or the full value of the same from the winner thereof; and in case the loser in such case shall not within six months sue for such money or other valuable thing, it shall be lawful for any person to sue for and recover treble the value of the money or other thing, by action against the winner, one-half to the use of the county and the other to the person suing.

It can not be supposed that it was the legislative intention that after the expiration of six months the winner of property should be liable to the loser for the property, and that at the same time the winner should be liable in addition for treble the value to another in a *qui tam* action. This can not be so, unless courts increase the penal character of the statute by construction, which is not allowable. But it is insisted that the bringing of this action suspends the *qui tam* action, and that a recovery in this action bars a *qui tam* action. This would necessarily do violence to the language of the statute; for should the plaintiff in such action aver that no action had been brought by the loser within the six months, he has the statute for his support in claiming his right of action, and it seems it would be no answer to such action to say that the loser had recovered the property by an action brought after the expiration of the six months.

We must conclude that the legal effect of the statute is to limit the time in which the loser may bring his action to six months, and to bar the bringing of such action after the lapse of that time.

The judgment must be reversed, and the cause remanded with directions to overrule the demurrer to these pleas, and permit the plaintiff to file his replications thereto if he desires, otherwise to render judgment for the defendants below upon the pleas.

*Judgment reversed.*