## JOSEPH G. ENGLISH.
## v.
## WILLIAM P. CANNON.

ELECTION BET—ACTION QUI TAM.—Action on the case *qui tam* to recover treble the amount lost and paid on an election bet under the provisions of R. S. Ch. 38, § 132, where the loser gave his note, which the winner discounted in bank, and it was not averred that the note was paid. *Held*, that the giving of the note was not payment, and since the loser could not sue for this reason, the suit can not be maintained by a third person.

APPEAL from the Circuit Court of Vermilion county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed December 4, 1885.

Mr. J. B. MANN and Mr. D. C. FRAZIER, for appellant.

Mr. F. BOOKWALTER, for appellee.

WALL, P. J. Action on the case to recover *qui tam* three-fold the amount lost and paid on a bet upon an election under the provision of section 132, Ch. 38, R. S.

The circuit court sustained a demurrer to the declaration, and as we think properly, because it does not appear that more than six months before action brought the supposed loser paid the money lost on the bet to the winner.

There must be a wager of money or other valuable thing, amounting in the whole to ten dollars, and the money or other thing so wagered must be paid or delivered by the loser to the winner; and if within six months after such payment or delivery the loser does not sue for such money or thing so lost, and paid or delivered, then suit may be brought by any person against the winner for treble the value of such money or thing; one half to the use of the county and the other to the person suing.

Here the money was not paid but the loser gave his note for $500, which the winner caused to be discounted in bank,

and it is not averred that the note was paid. By sections 179, 183 and 184, chapter 38, such a note is void and will be so held in the hands of all persons to whom it may come. Chapin v. Dake, 57 Ill. 295 ; Com. Nat. Bk. v. Spaids, 8 Bradwell, 493. Hence the giving of the note is in a legal sense nothing more than the repetition of the original promise to pay in case of loss. The loser could not sue under this statute when he had not paid, but had merely given his note for the money. The note is void and can not be regarded as equivalent to payment.

If the loser could not sue for this reason it would follow necessarily that the suit could not be maintained by a third person.

The judgment of the circuit court is affirmed.

Affirmed.