## Stephen T. Ranney v. Mary L. Flinn.

1. GAMBLING—*Recovery of Money Lost at—Burden of Proof.*—In an action by a person other than the loser, to recover money lost at gambling, under section 132 of the Criminal Code, providing that any person who shall at any time or sitting, by playing at cards, etc., lose to any person so playing, any sum of money, etc., amounting in the whole to ten dollars, and pays such loss, may recover the same, etc., and if he fails to bring suit within six months, any other person may do so, etc., it is incumbent upon the plaintiff to prove that the losses at any one sitting amounted to as much as ten dollars.

2. PARTIES—*In Suits for Money Lost at Gambling.*—In an action to recover money lost at gambling under section 132 of the Criminal Code, it is the winner, and not the keeper of the house in which the money was won, who is liable to respond to the loser, or if he does not sue in six months, to whoever may sue.

Action to Recover Money Lost at Gambling.—Appeal from the Circuit Court of Brown County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the November term, 1894. Reversed and remanded. Opinion filed June 3, 1895.

E. A. PERRY, attorney for appellant.

A. HEDRICK and EDWARD YATES, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $500, in an action on the case predicated on Sec. 142 of the Criminal Code in relation to gaming.

The statute provides that any person who shall at any time or sitting, by playing at cards, etc., lose to any person so playing, any sum of money, etc., amounting in the whole to $10, and pays the loss, may recover the same from the winner thereof, and that in case the person who shall so lose shall not sue within six months, any other person may bring suit against the winner and recover threefold, with costs of suit. It was alleged here that William Flinn, the husband of the plaintiff, lost money in sums exceeding $10 at one time or

Ranney v. Flinn.

sitting, on various occasions, in certain games of cards to the defendant, and that more than six months had elapsed without suit brought by said William Flinn. The plea was not guilty, and upon a jury trial the plaintiff recovered a verdict for $738.75 of which $238.75 was remitted and a motion for a new trial having been overruled, judgment was rendered for the balance. It is urged as one of the reasons for a reversal that the evidence does not support the verdict. We have carefully read the abstract of the evidence and are compelled to say that the point is well taken. Although it appears that the said William Flinn frequently gambled and lost sums exceeding $10 in the house of the defendant, the proof wholly fails to show that as much as $10 was ever won by the defendant from him.

The defendant kept a saloon and in a room up stairs allowed persons to gamble. The evidence tends to show that he received compensation for the use of the room in " chips," representing money, whenever certain hands were held—and that Flinn had frequent occasion to contribute " chips " to the table in this way—but assuming that money so received by the defendant was money won by him within the statute, as to which no opinion need be expressed, there is no proof that he ever received thus as much as $10 from Flinn at any one sitting. Indeed the evidence very strongly tends the other way. There is some proof that Flinn did on two or three occasions play with defendant, but no proof that at such times his losses ever amounted to as much as $10.

The finding of the jury can be accounted for only upon the theory that the defendant was deemed liable for the money lost by Flinn in the house to the defendant or to other persons, but the statute does not so provide.

It is the winner, not the keeper of the house, who is liable to respond to the loser, or if he does not sue within six months, to whoever may sue.

The judgment will be reversed and the cause remanded.