WILLIAM H. BARTLETT *et al.*

*v.*

BENJAMIN F. SLUSHER.

*Opinion filed April 17, 1905—Rehearing denied June 7, 1905.*

1. EVIDENCE—*proof of the intention of parties to deal in options may be circumstantial.* That the parties to dealings in grain intended to settle by way of differences in the market value of the grain and the option price need not be proven by express declarations or statements of the parties but may be established by the attending circumstances of the transaction.

2. SAME—*what competent in suit to recover money paid for options.* Although section 132 of the Criminal Code limits the right of recovery of money paid for an option in grain to money paid within six months before suit begun, yet the statement of the manager of the branch office which conducted the business, explaining the method of doing the business, is competent as characterizing the transactions, without regard to the fact that it was made more than six months before suit begun.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding.

GEORGE P. MERRICK, (HUGH CREA, of counsel,) for appellants.

MILLS BROS., and LEFORGEE & VAIL, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action in assumpsit instituted on the 6th day of August, 1902, by the appellee against the appellants to recover certain sums of money alleged to have been paid by him at divers times between the 16th day of December, 1901, and the 15th day of July, 1902, as itemized in the bill of particulars filed with the declaration, as margins in dealings had by the appellee with the appellants in buying and selling options on grain on the board of trade in the city of Chicago, in violation, as the appellee alleged in his declaration, of the provisions of section 130 of the Criminal Code. A plea of the general issue and a plea that the action had not been instituted within six months after the making of certain of the alleged payments for margins were filed. The cause was submitted to the court without the intervention of a jury. On the hearing the suit was dismissed as to all sums of money paid by the appellee to appellants prior to the period of six months immediately preceding the institution of the action. At the close of all the evidence the defendants demurred to the evidence and submitted their motion for a finding and verdict in their favor. The motion was overruled and judgment was entered in the sum of $1270 in favor of the appellee against all of the appellants, and the judgment was affirmed by the Appellate Court. This appeal questions the correctness of the judgment of affirmance.

The briefs present but a single question, whether there was any evidence fairly tending to support the plaintiff's cause of action.

The appellants, except Randolph, were partners composing the firm of Bartlett, Frazier & Co., then engaged in business as commission men or brokers in the city of Chicago. The firm maintained a branch office in Decatur, Illinois, where the appellee resided. The Decatur office was in the general charge of appellant Randolph, and one Samuel R. Parke seems to have been conducting the transactions at Decatur as manager of the business there. Within six

months prior to the beginning of the suit the appellee paid to Parke, as margins on options in grain to be negotiated by Bartlett, Frazier & Co. on the board of trade in Chicago, divers sums of money, in the aggregate the amount for which judgment was rendered. The sums so paid to Parke were by him transmitted to Bartlett, Frazier & Co. in Chicago, together with the orders of the appellee for the purchase or sale, as the case might be, of options in grain. The orders of appellee were executed by Bartlett, Frazier & Co. on the board of trade, and the sums paid by him were credited on their books of account as margins on the purchases or sales of grain. But the contention of the appellants is that there was no competent evidence tending to show that the parties intended there should not be any delivery of grain in discharge of the options, or that it was the mutual intention or understanding of the parties the options should be settled by way of differences in the market value and the option price of the grain. The intention or understanding of the parties may be proven by circumstances as well as by positive proof. It is not indispensable that declarations or statements of the parties showing such intention or understanding should be proven. The intent and purpose of the parties may be established by all of the attending circumstances of the transaction. *Pope* v. *Hanke,* 155 Ill. 617; *Jamieson* v. *Wallace,* 167 id. 388; *Weare Commission Co.* v. *People,* 209 id. 528.

It appeared from the testimony that the appellee was a practicing physician in Decatur, Illinois. In December, *1901,* he went into the office of the appellants at Decatur and had a conversation with Mr. Parke, who was conducting the business for the appellants in that office, relative to the buying or selling of corn. He did not leave any order that day, but requested Mr. Parke to come to his office and explain to him the manner in which the buying and selling of puts and calls were conducted through that office. Parke afterwards called at the office of the appellee and explained to him,

somewhat in detail, the manner in which the business was transacted; that options might be taken either to buy or sell grain, and that whenever a profit could be realized on either of such options the profits could be secured by buying new options. He also explained that if, after a purchase of grain, the price declined, he could buy again at the lower price, and so on until he thought the bottom or lowest price had been reached, and when the price rose, his profits on the purchases at the lower price would even up his losses on options at the highest prices. There was not, in all of this conversation, the slightest suggestion that actual grain would be received or delivered, but only that losses would be sustained or profits enjoyed by reason of the fluctuation of prices on the board of trade in Chicago. On the day following this conversation the appellee began trading in options on grain on the board of trade in Chicago through the Decatur branch office of the said firm. Statements of accounts rendered by Bartlett, Frazier & Co. to the appellee show that in the period between December, 1901, and the time of the institution of the suit, in August, 1902, the appellee contracted for a great number of options, some to buy and some to sell grain, in the aggregate of more than 150,000 bushels. These various options were settled, as shown by the accounts rendered by the appellant firm, without the transfer of any grain. Profits and losses were adjusted by way of differences in the market price and the contract or option price of the grain. It can not be declared, as matter of law, that there was no evidence tending to support the position of appellee that it was the understanding and intention of the parties that the contracts were to be settled without the actual receipt or delivery of the grain.

The statements made by Parke explanatory of the manner in which the business was conducted through the branch office at Decatur and the principal office in Chicago were in a conversation had with appellee more than six months prior to the beginning of the suit, and for this reason appellants

insist the court erred in overruling their motion to exclude such statements. These statements disclosed the manner and mode in which the appellants conducted their business of buying and selling options for their customers, and the appellee bought and sold options through the Decatur office in accordance with the mode of transacting the business which prevailed in that office. The appellee could not recover for moneys paid for options more than six months prior to the institution of his action, for the reason section 132 of the Criminal Code expressly creates this limitation on the right to recover back moneys by him paid for options to buy or sell grain. But the statements of the manager at Decatur showing the mode and manner in which the buying and selling options was transacted were equally pertinent to all the transactions to which they related,—those within the period of six months as well as those without it,—and disclosed that as to all the transactions involved in the suit it was mutually understood that actual deliveries or receipts of grain were not in the contemplation of either party. The evidence was competent and the record is free from error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*