## George Moench, Appellee, v. J. C. Graff et al., Appellants.

1. GAMING, § 18*—*when delivery of note and mortgage to brokers as security for losses and margins is void.* The delivery of a note and mortgage to brokers to secure them in the payment of margins and loss in option deals in grain and commodities on the Board of Trade is void as an attempted transfer as security for a gambling debt, within section 131 of the Criminal Code (J. & A. ¶ 3734), providing that all promises, notes, agreements, securities or conveyances made when the whole or any part of the consideration shall be for money won by gaming, wager or bet upon any chance or contingent event, shall be void.

2. GAMING, § 18*—*when broker is a winner.* A broker with whom another has deposited securities under a gambling contract is a winner.

3. GAMING, § 18*—*what is effect of deposit of securities with broker under gambling contract.* Brokers with whom securities are deposited under a gambling contract cannot enforce the collection of such securities, either in law or in equity.

4. MORTGATES, § 168*—*when assignee may not enforce note and mortgage.* Under section 57 of the Negotiable Instruments Act (J. & A. ¶ 7696), providing that a holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses except the defect and defense specified in sections 131 and 136 of the Criminal Code (J. & A. ¶¶ 3734, 3739), the assignees of a note and mortgage delivered to a broker to secure a gambling debt may not enforce such securities, they being in no better position than the assignor.

5. GAMING, § 36*—*when right of recovery of money paid on note and mortgage illegally deposited as security for gambling debt is barred.* The six months' provision in section 132 of the Criminal Code (J. & A. ¶ 3735), providing that any person who shall by any wager or bet, or any chance or contingent event, lose to any person any sum of money or valuable thing amounting to $10, shall be at liberty to sue for and recover the money lost, and, in case suit is brought within six months, treble the value of the money or other thing lost may be recovered, is a statute of limitation, and there can be no recovery of moneys collected on a note and mortgage deposited with brokers to secure a gambling debt except as to collections made within the six-month period.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Schuyler county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded with directions. Opinion filed April 19, 1918. *Certiorari* denied by Supreme Court (making opinion final).

GLASS & BOTTENBERG, for appellants.

L. A. JARMAN and B. O. WILLARD, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

In May, 1916, George Moench filed a bill in equity against Emelia A. Larash and W. I. Larash, the firm of Graff & Company, composed of J. C. Graff and John Schultz, and the firm of Schultz, Baujan & Company, composed of Mathew John Schultz and others, to foreclose a mortgage.

The bill alleges that on August 5, 1909, Emelia A. Larash and W. I. Larash executed a note for $1,500 to complainant, due in five years with interest at six per cent and a mortgage to secure the same, and that the note is due and unpaid; that complainant on April 7, 1910, deposited the note and mortgage unassigned as a pledge and collateral security with Graff & Company to secure them in the payment of margins and loss in option deals in grain and commodities upon the Board of Trade in Chicago, and sets out at length that such deals were gambling transactions and illegal and void. It also alleges that John Schultz is a member of Schultz & Company and of Schultz, Baujan & Company, and that the makers of the note paid $180 interest thereon to Graff & Company and $180 interest and $500 on the principal to Schultz, Baujan & Company on July 13, 1914.

The prayer of the bill is that the note and mortgage may be declared to be the property of complainant; that Schultz, Baujan & Company be decreed to deliver

up the note and mortgage so that it may be foreclosed; that Graff & Company and Schultz, Baujan & Company be decreed to pay to complainant the sums collected by them and for a foreclosure of the mortgage.

Graff & Company and Schultz, Baujan & Company filed a plea of the Sixth-Month Statute of Limitations under section 132 of the Criminal Code (J. & A. ¶ 3735). These defendants also filed answers denying that the transactions were gambling transactions and stating the note and mortgage were transferred to Graff & Company as security for a loan. The makers of the note and mortgage answered, admitting the making of the note and mortgage and the making of the payments as alleged in the bill, and stating their willingness to pay the balance when it is determined to whom it belongs.

The cause was heard by the court on the pleadings and the evidence reported by the master, and a decree entered finding that there is due on the note and mortgage $2,212.50; that the note and mortgage had been deposited with Graff & Company to secure the payment of margins and losses in option deals on the Board of Trade which were gambling transactions and illegal and void, and that the title never passed to Graff & Company or Schultz, Baujan & Company; that Graff & Company had collected $180 interest prior to August 11, 1911, and Schultz, Baujan & Company had collected $90 September 9, 1912; $90 August 2, 1913; $590 July 13, 1914, and $60 August 15, 1915, and a decree was entered that Graff & Company repay to the Larashs $180, and that Schultz, Baujan & Company repay $920 to the Larashs, and in default thereof execution issue, and that Larashs pay $2,212.50 to complainant, and in default of such payment the mortgaged premises be sold by the master. Graff & Company and Schultz, Baujan & Company appeal from that decree.

There was a suit at law in which Graff & Company

sued Moench to recover $3,700 claimed to be a balance due them on the Board of Trade deals after giving Moench credit for the $1,500 Larash note. That suit was twice in this court. *Graff v. Moench,* 181 Ill. App. 127, and 201 Ill. App. 140. The parties stipulated that the master should report the bill of exceptions in the last appeal to this court as the evidence in this case, with the right to either party to offer any further evidence. The only other evidence offered was the note and mortgage and a stipulation concerning the transfer by Graff & Company to Schultz, Baujan & Company; the payment made by the makers of the note; that no demand had been made on appellants for the delivery of the note and mortgage, and that the property described in the mortgage is of the value of $4,000.

The opinions in the former suit between the parties state the facts very fully and it is needless to restate them. The books of Graff & Company show that on the day the Larash note and mortgage were delivered to them, Graff & Company had very recently closed out a number of appellee's deals at a considerable loss and that he had some deals still pending. On the day the Larash note and mortgage were delivered to Graff & Company, appellee also gave Graff & Company his personal note for $1,000. The entry on the books of Graff & Company is: "Apr. 7. By Larash note 4-12, $1500. Personal note $1000-2500." Appellee had been dealing on the Board of Trade in 1909 through an Astoria party, and had been losing. Graff & Company advised him to change from the Astoria party and do his business through them—a reliable party. Appellee after that made his deals through Graff & Company. There were no business transactions between Graff & Company and appellee that were not gambling transactions or connected therewith beyond the delivery of a little merchandise—feed amounting to about $25.

There is no claim made that the note and mortgage sought to be foreclosed are not valid. When they were delivered to Graff & Company by appellee they were transferred either in payment of or as security for advances on gambling transactions.

The issues presented are what, if any, rights have Graff & Company resulting from the deposit of the note and mortgage with them as security for advances, or in payment of losses due them, and who is entitled to collect the part unpaid, and are the makers liable still to appellee for the sums they have paid either to Graff & Company or to Schultz, Baujan & Company.

Under section 131 of the Criminal Code (J. & A. ¶ 3734), all promises, notes, agreements, securities or conveyances made, given, granted or entered into, "where the whole or any part of the consideration thereof shall be for any money, won by any gaming * * * wager or bet upon any * * * chance * * * or contingent event * * * shall be void and of no effect." Section 136 of the Criminal Code (J. & A. ¶ 3739) provides that: No assignment of any note, agreement, other security or mortgage shall in any way affect the defense of the party giving or executing the same or the remedies of any party interested therein.

Section 132 (J. & A. ¶ 3735) of the same chapter provides that any person who shall by any wager or bet, or any chance or contingent event, lose to any person any sum of money or other valuable thing amounting to $10, shall be at liberty to sue for and recover the money or other valuable thing so lost, paid or delivered, by action at law or in chancery, and in case the party who shall lose shall not within six months sue for and recover such money or other thing lost, then it shall be lawful for any other person to sue for and recover from the winner treble the value of the money or other valuable thing lost or delivered.

The delivery of the note and mortgage to Graff &

Company gave them no legal right to the note and mortgage under the circumstances under which they were delivered. Delivery of the note and mortgage by appellee to Graff & Company was an attempt to transfer them as security for a gambling debt, and the transfer was void under said section 131. A broker with whom another has deposited securities under a gambling contract is a winner. *Kruse v. Kennett,* 181 Ill. 199; *Pelouze v. Slaughter,* 241 Ill. 215. Graff & Company had no right, either in law or in equity, to enforce the collection of the note and mortgage, and under section 57 of the Negotiable Instruments Act (J. & A. ¶ 7696), Schultz, Baujan & Company have no greater rights than Graff & Company had, without regard to the fact that Schultz was a member of both firms.

The delivery of the note and mortgage to Graff & Company being illegal and void, appellee is the legal holder of the note and mortgage and has the right to foreclose the same.

The moneys collected on the note by Graff & Company and Schultz, Baujan & Company were collected more than six months before this suit was begun. The six months' provision in section 132 of the Criminal Code has been held to be a statute of limitations. *Kizer v. Walden,* 198 Ill. 274; *Holland v. Swain,* 94 Ill. 154. The payments that Larash made to Graff & Company and Schultz, Baujan & Company having been paid to them more than six months before this suit was brought, the payee, who delivered the note to Graff & Company, has no right to recover those payments either from Larash or the parties to whom payments were made. The note and mortgage are valid. The transfer of them, which was either as security for or payment of gambling losses, was invalid, and transferred no rights as against appellee, unless the same should be collected by the transferee more than

six months before appellee brought suit to recover such payments.

The trial court erred in entering a decree that Graff & Company and Schultz, Baujan & Company should refund any money collected by either of them more than six months before the beginning of this suit. The decree is reversed and the cause remanded with instructions to enter a decree against the makers for such sum as remained unpaid, with interest.

*Reversed and remanded with directions.*