Wendell Holmes, Appellant, v. Robert Brickey, Appellee.

Gen. No. 9,609.

Opinion filed October 29, 1948. Released for publication November 24, 1948.

STONE & STONE, of Bloomington, for appellant.

HOMER ENGLISH and CHESTER THOMSON, of Bloomington, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The plaintiff on July 5, 1947, filed his complaint against the defendant in the circuit court of McLean county to recover $700 which he claims he paid to the defendant for money lost at dice in a gambling house operated by this defendant. The action was brought under par. 330, ch. 38, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 37.260], which is as follows:

"Any person who shall, at any time or sitting, by playing at cards, dice or any other game or games, or by betting on the side or hands of such as do game, or by any wager or bet upon any race, fight, pastime, sport, lot, chance, casualty, election or unknown or contingent event whatever, lose to any person, so playing or betting, any sum of money, or other valuable thing, amounting in the whole to the sum of $10, and shall pay or deliver the same or any part thereof, the person so losing and paying or delivering the same, shall be

at liberty to sue for and recover the money, goods or other valuable thing, so lost and paid or delivered, or any part thereof, or the full value of the same, by any appropriate civil action from the winner thereof, with costs, in any court of competent jurisdiction. In case the person who shall lose such money or other thing, as aforesaid, shall not, within six months really and bona fide, and without covin or collusion, sue, and with effect prosecute, for such money or other thing, by him lost and paid or delivered, as aforesaid, it shall be lawful for any person to sue for, and recover treble the value of the money, goods, chattels and other things, with costs of suit, by a civil action against such winner aforesaid: one-half to use of the county, and the other to the person suing. No person who accepts from another person for transmission, and transmits, either in his own name, or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person on, any regular board of trade or commercial or stock exchange, shall, under any circumstances, be deemed a 'Winner' of any moneys lost by such other person in or through any such transactions.''

The trial court granted a motion to strike as to the second and third paragraphs of Counts I and II, and the plaintiff filed his amended complaint as follows:

### COUNT I

''1. On or about the sixth day of January, 1947, the defendant, Robert Brickey, was engaged in the business or occupation of conducting a gambling establishment in the City of Bloomington, Illinois.

2. On to-wit the 4th day of January, 1947, the plaintiff participated in gambling games at the place of Robert Brickey, the defendant, and owed to him as a result of certain games of chance played with dice, a gambling debt of $100.

3. On to-wit the 6th day of January, 1947, the plaintiff paid to the defendant the sum of $100, which payment was made on no consideration except the result of the games of chance played with dice as aforesaid.

4. That according to the terms of Section 330 of Chapter 38 of the Ill. Rev. Stat. the plaintiff is entitled to recover the amount so paid.

WHEREFORE, the plaintiff prays judgment for $100."

Count II was the same as Count I, but alleged the date of the dice game and the payment of the loss as January 11, 1947, and the amount then lost and then paid as $500. The trial court sustained a motion to strike the amended complaint, and the plaintiff elected to stand on his pleadings. Judgment was given for the defendant upon the dismissal of the pleadings. From this judgment the plaintiff appeals to this court.

The appeal presents two questions for consideration:

First—Was the action pleaded in Count I of the amended complaint barred by the statute of limitations?

Second—Did the amended complaint state a cause of action?

Count I of the amended complaint alleged that the money was lost on January 4, 1947, and paid on January 6, 1947. The complaint was filed on the 5th day of July 1947—one day more than six months after the money was lost, but one day less than six months after the money was paid. Defendant contended that the action was barred by the statute of limitations, on the theory that the complaint was not filed within six months from the date the money was lost in the dice game.

It has been held in numerous cases that the person who loses the money must bring his suit to recover within six months. *Bartlett v. Slusher,* 215 Ill. 348; *Holland v. Swain,* 94 Ill. 154; *Gibb v. Dominy,* 154 Ill. App. 74; *Moench v. Graff,* 212 Ill. App. 42.

However, in these cases the money was lost and paid simultaneously. Hence, there was no problem as to when the statute of limitations started to run. In the case at bar the dice game was on the 4th day of January 1947, but the plaintiff did not pay that loss until January 6, 1947.

In *English v. Cannon,* 17 Ill. App. 475, the same statute, so far as this point is concerned, was considered. In that case a person had lost an election wager and had paid the same with a note. The court there held that a third person could not bring an action to recover threefold the amount lost, for the reason that it did not appear that more than six months before the action was brought the supposed loser had paid the money lost on the bet to the winner. The court did not construe the giving of the note as payment, for the reason that it was unenforceable because of the illegal consideration, and that the six months period did not commence to run until the payment of that loss.

In that case the court said:

"There must be a wager of money or other valuable thing, amounting in the whole to ten dollars, and the money or other thing so wagered must be paid or delivered by the loser to the winner; and if within six months after such payment or delivery the loser does not sue for such money or thing so lost, and paid or delivered, then suit may be brought by any person against the winner for treble the value of such money or thing; one half to the use of the county and the other to the person suing.

"Here the money was not paid but the loser gave his note for $500, which the winner caused to be discounted in bank, and it is not averred that the note was paid. By sections 179, 183 and 184, chapter 38, such a note is void and will be so held in the hands of all persons to whom it may come. *Chapin v. Dake,* 57 Ill. 295; *Com. Nat. Bk. v. Spaids,* 8 Bradwell, 493. Hence the giving of the note is in a legal sense nothing

more than the repetition of the original promise to pay in case of loss. The loser could not sue under this statute when he had not paid, but had merely given his note for the money. The note is void and can not be regarded as equivalent to payment.

"If the loser could not sue for this reason it would follow necessarily that the suit could not be maintained by a third person.

"The judgment of the circuit court is affirmed."

Certainly the gist of this action is the loss of money or other thing of value, and certainly no right of action was intended by the legislature under this statute, based solely on the loss at cards, dice, wagering or other gaming, unaccompanied by the payment of that loss. What would happen if the loser lost but did not pay? Certainly no cause of action could accrue under the statute until payment of the loss, and the limitation contained in this statute does not commence to run until the money or other thing of value won by the winner has been paid or delivered by the loser. In this case the complaint was filed within six months after the payment.

As to the amended complaint stating a cause of action, it will be noted that the allegations are that the defendant conducted a gambling establishment and that as a result of the plaintiff having engaged in gambling games at the place of the defendant he owed the defendant certain money in excess of $10 as a result of certain games of chance played with dice, and that he did *pay to the defendant* certain sums of money as a result of the losses incurred in said games and on no other consideration. These allegations are clear and concise and include every fact necessary for the plaintiff to prove to entitle him to succeed. Such allegations are sufficient to state a cause of action. *Lasko v. Meier,* 394 Ill. 71.

*Ranney v. Flinn,* 60 Ill. App. 104, is relied upon by the defendant as authority for the law that the

winner and not the keeper of the house is liable to the loser. There can be no question that such is the law in Illinois. In *Ranney v. Flinn, supra,* the plaintiff played cards in a room over the defendant's saloon. The defendant received compensation for the use of the room in "chips" representing money, whenever a hand of a certain type was dealt, and only on rare occasions did the defendant play at the game with the plaintiff, and there was no proof that at such time the plaintiff's losses amounted to as much as $10.

We do not believe that the decision in *Ranney v. Flinn, supra,* intended any comfort for operators of gambling houses, but rather imposes the burden on the plaintiff to allege and prove who did win his money or thing of value, be he the owner of a gambling house or just a fellow gambler.

It is the opinion of this court that the amended complaint filed in this cause did clearly inform the defendant of the nature of the claim which he was called on to meet, and did set forth facts sufficient to state a cause of action. *Snook v. Shaw,* 315 Ill. App. 594.

We are of the opinion, therefore, that the trial court erred in striking Counts I and II of the amended complaint. The judgment will be reversed and the cause remanded to the circuit court of McLean county, with directions to proceed with this action in accordance with the view herein expressed.

*Reversed and remanded with directions.*