## WILLIAM HALL

*v.*

## LEWELLYN MARKS.

1. PLEADING — *of the prayer for judgment in a plea in bar.*  In a plea in bar of only a part of the plaintiff's cause of action, a conclusion of a prayer of judgment, generally, is sufficient, without pointing out what judgment, or the appropriate judgment, because, the facts being shown, the court is bound to pronounce the proper judgment.

2. SAME — *in a plea in abatement.*  But in the case of a plea in abatement, the defendant must pray a particular and proper judgment.

3. SAME — *sufficiency of an averment as to representations by the plaintiff.*  In an action upon a promissory note for $200, the defendant, in a plea, averred the note was given for that amount in bank bills, which he had borrowed from the plaintiff, and which the latter represented were good and current and would pass for the full face thereof; whereas, in fact, the plea averred, the bank bills were of small value, to wit, of $100, and no more, and that the defendant was defrauded by reason of the bills being only of that value: *Held,* this averment as to the value of the bills did not show the falsity of the representation alleged to have been made by the plaintiff that they were current, and was insufficient in that regard.

4. And where a plea averred a warranty by the plaintiff that the bills were good and current, and would pass for their full face, it is doubtful whether an averment simply that the bills were depreciated and of small value, to wit, of $100, and no more, would sufficiently negative the terms of the alleged warranty.

5. SAME — *plea of partial failure of consideration.*  A plea of partial failure of consideration is defective which sets up such failure to a certain extent, and only showing a failure to a less extent.

APPEAL from the County Court of De Kalb county; the Hon. DANIEL B. JAMES, Judge, presiding.

This was an action of assumpsit brought by Marks against Hall, on the following promissory note:

" $200.                     SHABONA GROVE, *March* 28, 1861.

Middle of June, after date, I promise to pay to the order of

L. Marks, two hundred dollars, value received, at ten per cent interest.

"WM. HALL."

The declaration contained a special count upon the note, and the common counts.

Among other pleas, the defendant filed the following:

The second plea, after alleging that the several counts in the declaration were for one and the same cause of action, to wit, the promissory note in the special count mentioned, says: "And said plaintiff ought not to have and recover of the defendant twenty dollars of the amount of the said promissory note described in said count, and ten per centum interest therein stated, because he says that on, to wit, the 28th day of March, A. D. 1861, being in want of money, defendant made application to the plaintiff to borrow of him two hundred dollars for about two and a half months from that date, and the said plaintiff agreed with defendant to loan him the sum of one hundred and eighty dollars of money, and that defendant should give said plaintiff his promissory note for two hundred dollars, payable the middle of June next after date, with ten per cent interest from the date thereof; and the defendant, in fact, says, that, in pursuance of said corrupt and usurious agreement, he executed and delivered to the said plaintiff his promissory note for the sum of two hundred dollars, dated the said 28th day of March, 1868, and due and payable the middle of June next after date, with ten per cent interest from the date thereof, in consideration of the loan of the said sum of one hundred and eighty dollars, the loan of which for the term of from the said 28th day of March, 1861, until the middle of June then next as aforesaid, the only consideration of the said note being the same note sued on and described in the said first count of said declaration. And defendant further avers, that twenty dollars of the amount of said promissory note, and the ten per cent interest as aforesaid, were usuriously, corruptly and unlawfully charged, and were contrary to the

statute in such cases made and provided, and this he, the said defendant, is ready to verify. Wherefore, he prays judgment," etc.

*Sixth plea.* And for a further plea in this behalf, defendant says the said supposed causes of action in the several counts are for one and the same thing, to wit: the promissory note in the first count of said declaration mentioned, and that the said plaintiff ought not to have and recover, to wit, one hundred and fifty dollars, because he says the consideration for which the said promissory note was given has in part failed in this: that the only consideration for which the said promissory note was given was the full amount of two hundred dollars of broken, depreciated and uncurrent bank bills, commonly known as "stump-tail," of the value of fifty cents, and no more, for cash, and which said defendant borrowed of said plaintiff at the time of the date of said note, and every dollar thereof; and the said plaintiff then and there represented and stated that said bank bills were good, current and would pass for the full face thereof. The said plaintiff then and there well knowing such statements and allegations by him made as to the value of said money or bank bills to be false; and the said defendant, not knowing said bank bills to be depreciated and uncurrent, and relying upon the statements and representations of the said plaintiff as to the value thereof, received the same as and for two hundred dollars, and then and there gave his note therefor, for the sum of two hundred dollars, and the defendant avers that said bank bills were of small value, to wit, of one hundred dollars, and no more, and that he, said defendant, was thereby then and there cheated and defrauded of a large sum, to wit, one hundred dollars; wherefore, defendant says, that the consideration of said promissory note in said declaration mentioned, to the extent of one hundred and fifty dollars, has failed, and this the said defendant is ready to verify, wherefore he prays judgment of, to wit, one hundred and fifty dollars.

*Seventh plea.* And for a further plea in this behalf, said defendant says that the said supposed causes of action in the said counts in the declaration mentioned are for one and the same thing, to wit, the promissory note in the first count in said declaration mentioned, and that the said plaintiff ought not to have and recover of defendant one hundred dollars of the said sum in the said promissory note specified in said declaration mentioned, because he says the consideration for which the said promissory note was given was the full amount of two hundred dollars of broken, depreciated bank bills, usually known and designated at that time as "stump-tail," moneys of the value of, to wit, fifty cents, and no more, for each and every dollar thereof which defendant borrowed of said plaintiff at the time of the date of said note, and the said plaintiff then represented and warranted said money or bank bills to be good and current and to pass for the full face thereof; and the said defendant not knowing said bank bills to be depreciated and uncurrent, and relying upon the representation and warranty of the said plaintiff as to the value thereof, received the same as good for two hundred dollars, and then and there gave his note therefor for the sum of two hundred dollars; and the defendant avers that said bank bills were depreciated and of small value, to wit, of one hundred dollars and no more, and the said defendant was thereby then and there cheated and defrauded of a large sum, to wit, one hundred dollars; wherefore defendant says that the consideration of said promissory note in said declaration mentioned, to the extent of, to wit, one hundred dollars, has failed. And this the said defendant is ready to verify, wherefore he prays judgment of, to wit, one hundred dollars, etc.

The court below sustained a demurrer to each of these pleas, and the cause being tried upon issues on other pleas, there was a finding and judgment in favor of the plaintiff for the amount of the note. The defendant appealed.

Mr. B. F. PARKS, for the appellant.

Mr. CHARLES KELLUM, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The errors assigned on this record are, the sustaining of demurrers to certain pleas. It is assigned as a special cause of demurrer to the second plea, that it commences in bar of a part of the plaintiff's cause of action, and prays judgment of the whole declaration or cause of action. The plea concludes with a prayer of judgment generally, and not of any particular judgment. The general rule which prevails in pleading is, that a mere prayer of judgment, without pointing out what judgment, or the appropriate judgment, is sufficient; because, the facts being shown, the court are bound to pronounce the proper judgment. 1 Chit. Pl. 492.

Such is the rule in the case of a plea in bar, but in the case of a plea in abatement, the defendant must pray a particular and proper judgment. *The King* v. *Shakespeare*, 10 East, 83.

This being the only objection pointed out to this plea, and none other being perceived, we hold the plea to be good.

The sixth plea makes the averment, that the two hundred dollars of bank bills, for which the note in suit was given, were of the value of only one hundred dollars, and then alleges that the plaintiff, well knowing such statement and allegation by him made as to the value of the bank bills to be false, and that the defendant, relying upon the statements of the plaintiff as to the value of the bank bills, received the same as and for two hundred dollars, and gave his note therefor; whereas the plea does not set up any statement or representation on the part of the plaintiff, in regard to the value of the bank bills, but the pleader makes his own averment as to their value, and subsequently refers to it as a representation of the plaintiff.

The only representation the plea charges the plaintiff to have made is, that the bills were good and current and would pass for the full face thereof; and it does not show the falsity of the representation, by averring that the bills were not good and

9 — 56TH ILL.

current and would not pass for their full face, but only avers, in that respect, that the bank bills were of small value, to wit, of one hundred dollars and no more, and that the defendant was defrauded by reason of the bills being only of that value, and not by reason of their being uncurrent. They might have been current, although their actual value in coin, or upon winding up the affairs of the bank, might have been found to be much less than their face value.

The plea is defective too, in professing to set up a failure of consideration to the extent of one hundred and fifty dollars, and only showing one to the extent of one hundred dollars.

The demurrer to this plea was properly sustained.

The seventh plea is of doubtful validity, in that it does not directly negative the terms of the alleged warranty, by averring that the bank bills were not current and would not pass for their full face; but only avers that the bills were depreciated and of small value, to wit, of one hundred dollars and no more. But as the case is to be remanded, for sustaining the demurrer to the second plea, we will grant leave to the defendant to amend the seventh plea, without pronouncing definitely upon its sufficiency.

For error in sustaining the demurrer to the second plea, the judgment will be reversed, and the cause remanded.

*Judgment reversed.*