## FARRAR & WHEELER

### *v.*

### GEORGE W. TOLIVER.

1. FAILURE OF CONSIDERATION—*proof of extent, necessary.* Where notes are given for the exclusive right to sell machines within a given territory, proof of the sale of two or three machines by another agent of the payee, under a prior contract, within the same territory, without evidence tending to prove the extent of the injury to the maker of the notes, constitutes no defense to the collection of the notes.

2. CONTRACT—*when new one operates as a bar to suit on first.* Where a party under a contract giving him the exclusive right to sell machines in a specified territory, after finding that another agent is selling in his territory, accepts a new contract for selling in other territory in lieu of the first, this will operate as a satisfaction of any loss sustained under the first one.

APPEAL from the Circuit Court of Clay county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. HITCHCOCK & FINCH, for the appellants.

. Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action, brought by appellants against appellee, upon two promissory notes given to appellants by appellee on July 13, 1874, each for $75, and payable one year from date.

By way of defense, defendant testified that the consideration of the notes was a sale to him of the exclusive right to sell sewing machines, as the agent of appellants, throughout a given territory, stated in the testimony. The contract as to the terms of this agency was reduced to writing on the 18th of July, 1874, and was given in evidence. Defendant then proved, that at the time of giving these notes and making that contract, another man had a like contract from appellants of a former date, embracing a part of the territory mentioned in appellee's contract, and that that other party notified appellee of the existence of his contract, and also that he sold two or three machines in that territory after the date of appellee's contract.

The plaintiff proved, that in October, 1874, another agent of appellants applied to the appellee to adjust the difficulty, and thereupon there was executed another contract between appellants and appellee, of that date, of like import of the first, but locating the right to so operate upon other territory. This is the substance of all the evidence.

The issue was tried, by consent, before the court without a jury. The finding was for defendant, to which appellants excepted.

The judgment must be reversed. The proofs make out no defense. No proof is found tending to show to what extent appellee was injured, if at all, by the sale of the two or three machines mentioned. At the most, he could only claim credit to the amount of his loss by reason of the interference of which he complains. The making of the second contract, it would seem, from the proofs, was accepted in lieu of the first, and

operated as a satisfaction of the supposed loss, whatever that may have been.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*