## Alva W. Mitchell, Appellant, v. Pratt Nelson, Appellee.

1. APPEALS AND ERRORS—*when estoppel to urge particular theory arises.* If an appellant has tried a cause in the lower court upon one theory, he cannot, upon appeal, urge as error that the lower court did not, upon such trial, proceed upon another and inconsistent theory.

2. INSTRUCTIONS—*should be confined to the issues.* An instruction which presents to the jury a material issue with respect to which there is no evidence, is erroneous and constitutes ground for reversal.

3. NEW TRIAL—*when surprise ground for.* If a party has been taken by surprise by evidence introduced, and shows upon the motion for a new trial that he was not negligent in being so taken by surprise, and, likewise, shows *prima facie* ability to meet and refute the evidence which so took him by surprise, a new trial should be awarded—the evidence in question being vital to the issues.

Assumpsit. Appeal from the Circuit Court of De Witt county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

EDWARD J. SWEENEY, ALFRED ADAMS and EDWARD E. ADAMS, for appellant.

JOHN FULLER and HERRICK & HERRICK, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellant brought suit in the Circuit Court of De Witt county against appellee to recover treble the sums of money alleged to have been lost by one Louis N. Mitchell, a brother of appellant, and won by Pratt Nelson, appellee, in certain bets upon the outcome of foot races between J. P. Haughn and J. L. Sanderson. The first count of the declaration charges that said Louis N. Mitchell lost and said appellee won $1,500 in the foot race which took place November 24, 1903, and the second count charges that said Louis N.

Mitchell lost and said appellee won $2,500 in a foot race on December 7, 1903. A trial by jury resulted in a verdict in favor of appellee and judgment against appellant for costs of suit.

It is first urged on behalf of appellant that the verdict of the jury is against the manifest weight of the evidence. Most of the witnesses who testified as to the salient facts in the case are confessed gamblers and confidence men, or such as have no occupation or visible means of support, and the evidence of these witnesses is inextricably conflicting. If the number of such witnesses can give any probative value to their testimony as evidence, and add to or detract from the weight to be given to it, it may be conceded that the advantage lies with appellee. In view of the fact that the judgment must be reversed for errors of law, we refrain from further discussion as to the weight of the evidence.

It appears from the evidence that Louis N. Mitchell, on February 19, 1906, commenced his action against appellee under the provisions of section 132 of the Criminal Code, to recover the amount of money alleged to have been lost by him to appellee, in bets upon the same foot races involved in this case, but as such suit was commenced more than six months after the money was alleged to have been lost, it was determined by counsel for said Louis N. Mitchell that the suit was barred by the statute, and the same was dismissed on May 31, 1906. On May 22, 1906, this suit was commenced by appellant.

It was incumbent upon appellant to show by a preponderance of the evidence that the money alleged to have been lost in wagers upon the foot races was lost by Louis N. Mitchell and won by appellee.

The testimony of appellee and of several witnesses called on his behalf tends to show that appellee was not present at or a party to any wager with Louis N. Mitchell upon the result of the foot races, but that the money was wagered and won by one Lucas.

There are some circumstances in evidence in the case which suggest collusion between appellant and his brother, Louis N. Mitchell, in the prosecution of the case at bar, and the case was tried in the court below upon the theory that such collusion, if shown to exist, would prevent a recovery by appellant.

It is now contended on behalf of appellant that the covin or collusion mentioned in the section of the statute authorizing this prosecution, which provides that in case the person who shall lose such money or other thing, shall not, within six months really and *bona fide,* and without covin or collusion, sue, and with effect prosecute, for such money or other thing, by him lost and paid or delivered, it shall be lawful for any person to sue for, and recover treble the value of such money against the winner, refer to covin and collusion between the loser and the winner and not to such covin and collusion between the loser and a third party bringing suit, and counsel cite Kizer v. Walden, 198 Ill. 274, in support of such contention. Having tried the case upon the theory stated, and having by all of his instructions tendered to the court to be given to the jury advised the latter, in effect, that collusion, generally, between himself and his brother Louis N. Mitchell would bar a recovery, appellant is not in a position to urge such contention in this court. If the collusion mentioned in the instructions referred to a secret arrangement between appellant and his brother, whereby the suit was to be prosecuted by the former for the benefit of the latter, the instructions were correct. Staninger v. Tabor, 103 Ill. App. 330.

The seventh instruction given at the instance of appellee informed the jury, that if they believed from the evidence that appellant advanced or loaned to the witness Louis M. Mitchell, any or either of the sums of money alleged to have been lost in wagers, on the foot races, and that appellant advanced or loaned the same to said Louis N. Mitchell with knowledge that the same was to be so wagered, then as to any such sums of

money they should find the issues for appellee. It is elementary that instructions should be predicated upon the evidence in the case, and that they should not assume the existence of evidence not appearing in the record. There is not a scintilla of evidence in the record in this case which tends to show that any of the money wagered by the witness Louis N. Mitchell was loaned or advanced to him by appellant, and the instruction was, therefore, erroneous and misleading. The modification by the court of appellant's fifth instruction was proper. The instruction given by the court upon its own motion is not subject to the criticism urged against it.

Upon the trial appellee introduced in evidence a letter purporting to have been written by Louis N. Mitchell to J. P. Haughn, the contestant in the foot races upon whom it is alleged that said Mitchell wagered his money. The letter is as follows:

"Sorento, Ill., Mch. 3, 1904.

Mr. J. P. Haughn,
        Fairbury, Ill.

Friend Haughn:—

I haven't heard from Graham, or Ryan since I saw you last fall, so thought I would write you. I wrote Graham and Ryan both and heard nothing from either. Do you suppose there is any chance of getting even with Lucas in a month or two. Let me hear from you and what you will be doing in the next few months."

Respy.,                    L. N. Mitchell."

It is claimed on behalf of appellant that the name "Lucas" appearing in the letter was substituted therein for another name and was written therein after its receipt by Haughn for the purpose of supporting the contention of appellee that the money in question was wagered with and lost to one Lucas instead of appellee. It is clear that this was a decisive issue in the case. In his motion for a new trial, appellant represented to the court that he was taken by surprise upon the trial of the case by the introduction of evi-

dence tending to show that Lucas and not appellee was the person with whom Louis N. Mitchell wagered and lost his money, and affidavits were presented strongly tending to show that the name "Lucas" written in the letter was a substitution and that the man alleged to have been Lucas was not within the State of Illinois in November or December, 1903, when the foot races in question were run, but was then in San Antonio, Texas, where he resided, and that upon another trial of said case appellant would be able to establish such facts by the depositions and testimony of competent witnesses. The showing made by appellant upon the motion for a new trial was such as should have moved the court to grant the motion.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*