## Cicero Lane et al. v. Elias M. Davis et al., Consolidated with George W. Owings, Appellee, v. Herman C. Schwulst et al., Appellants.

1. MORTGAGES—*when grantee not personally liable.*  Taking a deed subject to outstanding mortgages, creates no personal liability on the grantee to pay off the encumbrances, unless he has by contract, expressed or clearly implied, specially agreed to do so.

2. MORTGAGES—*when grantee not personally liable.  Held.* that a grantee was not personally liable for a debt secured by mortgage under the following circumstances:  A contract of purchase and sale was entered into by which such grantee agreed to assume the mortgage debt; subsequently, a deed being tendered pursuant to the terms of such contract, it was refused by such grantee, and thereupon a subsequent deed merely making the conveyance subject to the mortgage debt was tendered to and accepted by such grantee, with the distinct understanding that he would not assume and agree to pay the mortgage debt.

Foreclosure.  Appeal from the Circuit Court of Clinton county; the Hon. THOMAS M. JETT, Judge, presiding.  Heard in this court at the March term, 1910.  Reversed and remanded.  Opinion filed November 12, 1910.  *Certiorari* denied by Supreme Court (making opinion final).

**Statement by the Court.**  Elias M. Davis executed a mortgage on the east half of the southwest quarter of section 3, township No. 1 south, range No. 5 west of third P. M. for $1,500.  The notes given for said sum were assigned by Cox to Cicero Lane who filed the original bill in this cause and then re-assigned the notes to Cox who with Lane filed the amended bill to foreclose said mortgage.  Davis after giving the mortgage sold the premises to J. P. Aydelott who then executed a second note and mortgage to George W. Owings for $1,055 on said premises.  Aydelott afterwards entered into a written contract with Herman Schwulst to exchange this land for a tract of land owned by Schwulst in the state of Georgia, containing 125 acres, subject to ten leases and all taxes after the year 1906, purchaser to have the rent of 1907.  In this agreement the land in Georgia was priced at $2,100 while the property in this suit was priced at $4,800.  This agree-

ment which bore date of March 2, 1907, provided among other things that Aydelott should deed his tract of land to Schwulst subject to all taxes levied after the year 1906, and to a total mortgage encumbrance of $2,700 which Schwulst assumed, and was to have the rents of the land after delivery of the deed. Before the deed to this tract was delivered to Schwulst he made the claim to Aydelott that it was not his understanding that he was to assume the payment of this mortgage encumbrance of $2,700, but that the land should be simply deeded to him subject to said encumbrance, and he refused to accept a deed tendered to him providing that he assumed the mortgage encumbrance. Aydelott then agreed verbally that Schwulst was not to assume said encumbrance, and made and delivered Schwulst another deed by which the land was conveyed to Schwulst subject to the mortgages. Owings then filed an original bill to foreclose his mortgage against the above named parties, praying among other things for a personal judgment against Schwulst in case the proceeds of the land be insufficient to pay the mortgages and expenses, and by order of the Circuit Court the two foreclosure suits were consolidated and tried together. The causes being referred to the master in chancery for proofs and findings he reported in substance to the court that there was due to Cox on the notes and mortgages the sum of $1,906.21, and to Owings on the second mortgage and note the sum of $1,314.73; that they were entitled to decrees for said sums as first and second liens respectively against said premises; that in case of a deficiency the decree in favor of Cox should be a personal one against Aydelott and Davis; and that the decree in favor of Owings should be personal against Aydelott, but that there was no personal liability against the defendant, Schwulst. Objections were filed by Owings to that part of the master's report that there was no personal liability against Schwulst, and being overruled by the master, exceptions to said ruling were filed and argued

before the court. On final hearing the court sustained Owings' exceptions, and decreed among other things that Schwulst was personally liable to Aydelott for any deficiency as to the Owings' lien after the proceeds of the lands mortgaged had been applied on both decrees and costs and expenses. From this decree Schwulst prosecutes this appeal.

John G. Bolker, for appellant; John E. Pollock, of counsel.

H. G. C. Beckemeyer and Haynie & Haley, for appellees.

Mr. Justice Duncan delivered the opinion of the court.

The only question presented for our decision is whether or not Herman C. Schwulst is liable for any deficiency decree. It is conceded by all the parties interested in this question that the land will not more than pay the first mortgage lien, and that after sale thereof there will be a large deficiency. It is insisted by appellee that by the original contract between Aydelott and Schwulst, the latter was to take said land subject to said mortgages amounting then to about $2,700 and was to assume said mortgage debt; that said contract was the only written contract between them, and that for that reason the written contract was not and could not be varied or changed by any subsequent verbal contract because it would be within the statute of frauds and void. The statute of frauds is not made a question in this case by any of the written pleadings, and if it was we are unable to see how it can be applicable to the facts proven. It is also claimed by appellee that by said written contract $2,700 was to be deducted by Schwulst from the purchase price of the land when he accepted the deed; and that he promised to pay said sum to Owings and Cox as part of the purchase price for the land, and by reason thereof he

is liable to appellee for the amount due on his note and mortgage. According to the tenor of the orginal contract to convey the land, Schwulst assumed the mortgage debt of $2,700; and if that contract had remained unchanged he would be liable for the deficiency decree. But it is clearly proven, and it is not denied, that Schwulst after this contract was handed to him claimed to Aydelott that he did not understand that he was to assume this debt and that he would not do so. He refused to accept the first deed tendered to him because in that deed it provided that he assumed this debt. Schwulst swears positively that he met Aydelott at a lumber yard in Bloomington in July, 1907; and that when told that the deed would not be accepted because of the clause providing that Schwulst assumed the mortgage, Aydelott said he would make and send him a new deed subject to the mortgages; and that he further said he did not intend for him, Schwulst, to assume those mortgages, and that Aydelott sent the second deed as agreed. This testimony is not denied by Aydelott and is corroborated by John F. Welch. Frederick F. Bell, the representative of Aydelott in this transaction, also swears that Schwulst refused to accept the first deed because of the clause binding him to assume the mortgages; and that then a second deed was made and delivered to Schwulst, simply providing that the land was conveyed subject to these mortgages. The deed so delivered and offered in evidence merely provides that the land is conveyed subject to the mortgages without any contract or agreement to assume or pay the mortgages. Schwulst also swears he never promised Owings to pay his mortgage. The appellees' counsel claims that Aydelott denied making any other contract with Schwulst except the original contract in writing; but what Aydelott does swear, as a matter of fact, is that there was no other written contract. The parties had a right to rescind the original contract or any part of it, and the evidence shows clearly that they did so by simply

changing a part of the consideration. By the new contract there was no agreement to assume the mortgage. On the other hand there was a positive understanding or agreement that he was not to assume it, and the deed itself expresses the full contract of the parties. Taking a deed subject to outstanding mortgages, creates no personal liability on the grantee to pay off the encumbrances, unless he has by contract, expressed or clearly implied, specially agreed to do so. Rapp v. Stoner, 104 Ill. 618; Crawford v. Nimmons, 180 Ill. 143; Harrison v. Polar Star Lodge, 116 Ill. 279; Farrar & Wheeler v. Toliver, 88 Ill. 408; Cooke v. Murphy, 70 Ill. 96.

The lower court erred in sustaining the exceptions to the master's report, and in decreeing that the appellant was personally liable to appellee for any part of his mortgage debt, and in decreeing that he pay the same. The decree of the lower court is therefore reversed and the cause is remanded with directions that the court overrule the exceptions to the master's report and enter a decree therein in conformity with the views herein expressed by this court.

*Reversed and remanded with directions.*