# Jesse B. Clement, Appellant, v. George H. Bladworth, Appellee.

## Gen. No. 15,855.

1. NEGOTIABLE INSTRUMENTS—*burden to establish want of consideration.* The burden of proof to establish want of consideration of a note, is upon the party raising such issue.

2. NEW TRIAL—*when newly discovered evidence requires.* A new .trial should be granted if after the trial new evidence is discovered which in connection with the evidence already given would demonstrate that upon another trial a different result would be arrived at.

Assumpsit. Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed November 14, 1911.

EASTMAN, EASTMAN & WHITE, for appellant.

CHARLES H. WELLS, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an action of assumpsit upon a promissory note executed by George H. Bladworth in favor of Clement and Stockwell, dated April 27, 1903, for the sum of $5,379.72, payable on demand. One special count on the note and the consolidated common counts were filed. The defendant filed the general issue and a plea of want of consideration. A similiter and special replication alleging the consideration to be an extension of time in payment of the indebtedness of the Bazaar Glove Fitting Pattern Company, which was assumed by the defendant.

There was a jury trial, and a verdict for the defendant. A motion for a new trial was denied, and judgment was entered on the verdict. From this judgment the plaintiff, Jesse B. Clement, who sued as surviving partner of the firm of Clement & Stockwell, prosecutes this appeal.

It appears from the evidence that prior to the giving of the note sued on, the firm of Clement & Stockwell had sold at various times paper to a concern doing business as the Bazaar Glove Fitting Pattern Company, of which appellee, Bladworth, was the manager, and was also largely interested therein. This concern managed by appellee had given notes to Clement & Stockwell in payment for merchandise sold, aggregating the amount of the note sued on in this case, $5,-379.72. These notes at the time of the giving of the note sued on were long past due and had been protested, and Clement & Stockwell were demanding payment. The note sued on in this case was given, as appellee Bladworth says, in settlement of the existing indebtedness of the Bazaar Company notes, and this is also the evidence given by appellant. The only evidence offered on the trial was the deposition of appel-

lant, and the evidence of appellee, a letter of appellee to appellant, the note sued on, and evidence as to the computation of interest. The defense of the note sued on was that it was given without consideration.

Three questions are presented by the errors assigned and arguments of counsel: First, that the verdict and judgment are contrary to the preponderance and weight of the evidence; second, it is urged that erroneous instructions were given by the court at the instance of defendant, appellee; and third, that a new trial should have been given on the ground that the evidence of defendant, appellee, was a surprise to the plaintiff, and on the further ground of newly discovered evidence after the trial.

The real issue of fact between the plaintiff and defendant on the trial was the want of consideration of the note sued on, and this resolves itself in the evidence to a question as to whether the old notes, executed by the Bazaar Glove Company, represented by appellee, were surrendered and given to appellee at the time he gave the note sued on. Upon that issue the burden of proving his plea by a preponderance of evidence was upon appellee. Stacker v. Hewitt, 1 Scam. 207; Mitchell v. Deeds, 49 Ill. 416; McMicken v. Safford, 197 id. 540.

We do not deem it necessary to discuss the instructions which are claimed to be erroneous, for the reason that a new trial must be given in this case, and the instructions may not again be requested or given in their present form.

On the question as to whether a new trial should have been given, we are of the opinion that the court erred in not granting a new trial upon the showing made.

The evidence of appellee given on the trial in view of his letter written to the plaintiff, dated at Kansas City, September 30, 1906, and what had occurred be-

tween the parties, was clearly a surprise to the plaintiff. It appears very clearly that the plaintiff had no reason to believe from the relations of the parties and the letter above referred to that any such defense would be made as was made upon the trial. The affidavits in support of the motion for a new trial show clearly that the plaintiff after the trial discovered new evidence, which, in connection with the evidence already given, would demonstrate to the court and the jury that the defense to the note was without merit. Wilday v. McConnel, 63 Ill. 278; Hewitt v. Hexter & Co., 39 Ill. App. 585; Holbrook v. Nichol, 36 Ill. 161; Mitchell v. Nelson, 142 Ill. App. 534; Davis v. Moberly, 65 *id*. 528.

In our opinion upon the showing made in the record, an unjust judgment has been obtained in this case, and a new trial should be awarded. The judgment is therefore reversed and the cause is remanded.

*Reversed and remanded.*