Miles & Miles, Inc., Appellee, v. Hugo Meyer, Appellant.

Gen. No. 33,056.

Opinion filed April 17, 1929.   Rehearing denied May 1, 1929.

Rufus M. Potts and C. W. Armstrong, for appellant.

Good, Childs, Bobb & Wescott, for appellee; Walter E. Beebe and F. M. Hartman, of counsel.

Mr. Justice Ryner delivered the opinion of the court.

On June 11, 1927, the defendant executed and delivered to the plaintiff his promissory note as follows:

"1986.39                                     Chgo, June 11, 1927

Ninety days after date I promise to pay to the order of Miles & Miles, Inc., the sum of $1986. and 39 Cts. Dollars Payable at 2400 S. Mich. Ave.  Value received with interest at ...... per cent per annum.

Hugo Meyer"

After maturity of the note, the plaintiff instituted suit in the municipal court of Chicago where the case was tried before the court, without a jury, resulting in a judgment in favor of the plaintiff for the full amount of the principal, together with the interest due.

The defendant in his affidavit of merits set up three inconsistent defenses, i. e., want of consideration, and total, and partial failure of consideration.  In support of these defenses he was permitted to introduce in evidence a written contract between the parties, dated

June 4, 1927. The writing was under seal and recited that the parties had been mutually interested in certain insurance transactions and were desirous of making a final accounting and settlement of their respective rights and liabilities.

The substantive provisions of the contract were as follows:

"*First:* Said first party agrees to pay to said second party, in cash herewith, the receipt of which is hereby acknowledged by said second party, the sum of Five Hundred Fifty Seven and 60/100 Dollars ($557.60); also, the sum of Six Hundred Eighty Two and 52/100 Dollars ($682.52); also, the sum of One Hundred Thirty Dollars ($130.00), and not later than Saturday, June 11, 1927, subject to the audit hereinafter mentioned in a later clause hereof, in cash such sum as may be shown by said audit to be due said second party from said first party from the records of said second party in relation to the so-called 'pool account' maintained by said second party concerning its business in handling the insurance of the members of the Motorists Association of Illinois.

"Said first party further agrees to give to said second party, on Saturday, June 11, 1927, his promissory note, dated this date and due in 90 days, for such sum as may be found to be due said second party from said first party on an accounting to be made by said first party of the records of the original policyholders of the Inter-Insurance Exchange of the Illinois Automobile Club, showing their credits; if said audit is not completed, or found impracticable by said June 11, 1927, then said first party is to give his note to said second party of like tenor and effect, in the amount of One Thousand Nine Hundred Eighty Six and 69/100 Dollars ($1,986.69) on account of such credits of said policyholders, subject to the amount of said note being later checked by a completed audit. Said second

party agrees to accept such cash and note as complete and final settlement of all and everything due said second party from said first party by reasons of the transactions hereinabove described. It is agreed by the parties, however, that in the event any recovery is had from the Receiver of the Integrity. Mutual Casualty Company on account of unearned premiums and the payment thereof to said second party on said second party's claim heretofore filed therefor with said Receiver, then, and in such event, in addition to the one-half of such recovery which said second party has heretofore in writing assigned to said first party, said second party agrees to pay to said first party in cash, so much of such recovery on account of such unearned premiums as may amount to such sum as is to be ascertained by the audit of the records of the policyholders at the Inter-Insurance Exchange of the Illinois Automobile Club.

"*Second:* Said second party agrees to return by Saturday, June 11, 1927, to the first party, each and all of the cards and records showing the expiration dates of the insurance of members of the Motorists Association of Illinois, secured and procured by said second party during said second party's occupancy of a portion of the premises at 2400 South Michigan Avenue, Chicago, Illinois.

"*Third:* Said second party agrees to file with the Receiver or Liquidator of the Inter-Insurance Exchange of the Illinois Automobile Club, a claim in the amount of Three Thousand Nine Hundred Seventy Three and 38/100 Dollars ($3973.38) for moneys due from the subscribers at said Exchange, and said second party further agrees to pay to said first party out of fifty per cent (50%) of any amount which may be recovered from such Receiver or Liquidator, less collection expenses or attorney fees, the sum of One Thousand Nine Hundred Eighty Six and 69/100 Dollars ($1986.69).

*"Fourth:* The parties hereto agree that with the execution of this agreement all the amounts herein provided for to be paid, have been paid and received, and the rights and liabilities of the parties hereto by reason of the matters and things hereinbefore assigned, have been fully satisfied and complied with, and this agreement is to stand and be as a release between the parties hereto of all of their said rights and liabilities.

"Signed, sealed, executed and delivered by the parties hereto the day and date first above written."

The sole contention of the defendant is that the plaintiff violated paragraph "Second" of the contract by failing to deliver to the defendant all of the cards and records which it agreed to return. The defendant testified that on June 11, 1927, when he executed and delivered the note in question, William A. Miles, representing the plaintiff, handed to him "a carton box, with some three-by-five cards in them all thrown together in a jumble pile in this box, not sorted as they had been originally in the files"; that he complained about their condition but received the assurance of Miles that the box contained all of the records which the plaintiff had agreed to return; and that an examination disclosed that a great many of the cards and records were missing. Miles testified that he returned all of the records of which he had any knowledge.

Assuming, however, that the facts were as contended by the defendant, he wholly failed to sustain any of the defenses interposed by him. In his affidavit of merits he stated that the note was given without a good and valuable consideration, and in the same affidavit said that the consideration was the "plaintiff's promises and agreements contained in a written agreement dated June 4, 1927." The most cursory examination of the contract discloses that he successfully challenged his own defense.

His defense of total failure of consideration likewise failed. The plaintiff agreed not only to return the records and cards but also to perform certain other acts of material benefit to the defendant. No evidence was offered to show that the plaintiff breached his contract in any respect other than his failure to return all of the records in question.

The defense of partial failure of consideration was not supported by the evidence. The burden of proving this plea was upon the defendant. *McMicken v. Safford*, 197 Ill. 540; *Clement v. Bladworth*, 166 Ill. App. 68. He introduced no evidence showing or tending to show the value, if any they had, of the missing records. His failure in this respect was fatal to the defense. *Hall v. Marks*, 56 Ill. 125; *Farrar & Wheeler v. Toliver*, 88 Ill. 408.

There are also authorities holding that the nonperformance of an agreement which constitutes the consideration for a note does not result in a failure of consideration unless the agreement is rescinded. *Jones v. The Council Bluffs Branch of the State Bank of Iowa*, 34 Ill. 313; *Shepard v. Mills*, 70 Ill. App. 72. A party to a contract should stand by it as a whole and seek its enforcement or repudiate it entirely.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

HOLDOM, P. J., and WILSON, J., concur.